IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>EX REL. ANTHONY R. SPAY | : | CIVIL ACTION NO.<br>09-cv-04672 |
| Plaintiffs, | : | Hon. Ronald L. Buckwalter |
| v. | : | |
| CVS CAREMARK CORPORATION, et al. | : | |
| Defendants. | : | |

## JOINT SCHEDULING CONFERENCE REPORT
## FOLLOWING *FED. RULE CIV. PROC.* 26(f) MEETING OF THE PARTIES

1.    The following individuals participated in the Rule 26(f) conference on March 19, 2012
     and its continuation on April 5, 2012 on behalf of Relator and Defendants.

    **a.  For the Relator:**

       Adam D. Miller
       Paul A. Traina
       ENGSTROM, LIPSCOMB & LACK, P.C.
       10100 Santa Monica Boulevard, 12th Floor
       Los Angeles, CA 90067-4113
       Tel: (310)552-3800/Fax: (310)552-9434

       Michael I. Leonard
       Jonathan D. Lichterman
       MECKLER BULGER TILSON MARICK & PEARSON, LLP
       123 North Wacker Drive, Suite 1800
       Chicago, IL 60606
       Tel: (312)474-7900/Fax: (312)474-7898

       Michael A. Morse
       PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
       1818 Market St., Ste. 3402
       Philadelphia, PA 19103
       Tel: (215)320-6200/Fax: (215)981-0082

**b. For the Defendants:**

Barry H. Boise
Robin P. Sumner
PEPPER HAMILTON, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel: (215)981-4000/Fax: (215)981-4750

Robert H. Griffith
FOLEY & LARDNER LLP
321 N. Clark Street
Suite 2800
Chicago, Illinois 60654
Tel.: (312) 832-5174/Fax: (312) 832-4700

Michael P. Matthews
FOLEY & LARDNER LLP
100 N. Tampa Street
Suite 2700
Tampa, FL 33602
Tel. (813) 225-4131/Fax (813) 221-4210

2. **Topics discussed and considered pursuant to Rule 26(f)(2):**

   a. The parties considered and discussed:
      i. The nature and basis of the respective claims and defenses;
      ii. The possibilities of promptly settling or resolving the case;
      iii. Disclosures required by Rule 26(a)(1)
      iv. Issues about preserving discoverable information; and
      v. A proposed discovery plan.

   b. The parties report on those discussions as follows:

3. **Overview of Parties' Positions:**

    **a.**  Relator proposes that discovery begin immediately, as to all issues and claims in his Amended Complaint, and follow the schedule he proposes as set forth in Section 10 of this Report.

    **b.**  Defendants propose that discovery be stayed pending this Court's decision on Defendants' Motion to Dismiss, for the reasons set forth more fully in Defendants' Motion to Stay, and that the Court defer entry of a schedule until after the resolution of the Motion to Dismiss.  Should this Court nonetheless desire to enter a discovery schedule at this juncture, Defendants propose that this Court follow the alternative schedule Defendants set forth in Section 10 of this report.

4. **Initial Disclosures:**
       **a.**  Relator's position: initial disclosures should take place simultaneously on April 27, 2012.

       **b.**  Defendants' position: initial disclosures, like the rest of discovery, should be stayed for the reasons set forth in Defendants' Motion to Stay, and if necessary, should occur 30 days after Defendants file any answer in this matter.

       **c.**  Otherwise, the parties do not anticipate that any changes in the timing, form, or requirement for disclosures will be necessary, if made.

5. **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:**

       **a.**  Relator's Position: discovery should commence immediately and be governed by the deadlines set forth in further detail below in Section 10 ("Relator's Proposed Timing").

       **b.**  Defendants' Position: discovery should be stayed pending this Court's decision on Defendants' Motion to Dismiss.  If this Court denies Defendants' Motion to Dismiss, discovery should then proceed according to the schedule set forth in Section 10 ("Defendants' Proposed Timing").

       **c.**  Relator proposes that all fact discovery (including motions on fact-discovery issues) will be completed by July 13, 2013, and that expert discovery shall be subject to the deadlines set forth in further detail below in Section 10.

    **d.**  Defendants' propose that all fact discovery (including motions on fact-discovery issues) will be completed pursuant to the schedule detailed in Section 10.

    **e.**  The parties describe the anticipated and required discovery, and their plans to accomplish that discovery, in Section 10, below.

    **f.**  In the event Relator's "nationwide" allegations survive Defendants' motion to dismiss, Defendants believe that discovery should be phased so that discovery concerning Relator's allegations as to MCS occur first followed by summary judgment briefing, with Relator's "nationwide" allegations not subject to discovery unless and until Relator's MCS allegations survive summary judgment, as set forth in Section 10 below.

6. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

    **a.**  The parties have met and conferred and confirmed that each has taken steps to help ensure the preservation of potentially discoverable materials.

7. **Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including - if the Parties Agree on a Procedure to Assert These Claims After Production - Whether to Ask The Court to Include Their Agreement in an Order**

    **a.**  The Parties anticipate the possible need for an agreement regarding the unintentional production of privileged documents.

8. **What Changes Should be Made in the Limitations on Discovery Imposed Under These Rules or by Local Rule, and What Other Limitations Should be Imposed**

    **a.**  Relator believes time and number limits for depositions of witnesses associated with Defendants and limits on numbers of written interrogatories to Defendants should be reasonably expanded to reflect the complexity and number of issues raised in this case.

    **b.**  Defendants believe that any expansion of the applicable discovery limits is unnecessary.  Regardless, the number of depositions and written interrogatories necessary in this case is more appropriately determined after Defendants' Motion to Dismiss is decided because even a partial dismissal would significantly narrow the scope of discovery.  Finally, Defendants believe that any expansion of the applicable discovery limitations must be bilateral.

**c.** Relator's further positions on limitations of discovery:

    i. With regards to oral depositions, Relator will coordinate the setting of depositions and Relator will designate only one lawyer to question the witnesses set by Relator. Depositions set by Relator shall have a time limit of two seven-hour days each. Relator will seek leave of court, to be freely granted, to take additional depositions regarding non-common issues.

    ii. Limits contained in Fed. Rules Civ. Proc. and Local Rules appropriately apply to discovery directed to Relator, when taken.

    iii. Defendants should coordinate in a first set of common written discovery to Relator, and subsequent written discovery should not be duplicative of common discovery. Defendants collectively shall be subject to the presumptive limit of 25 interrogatories, when propounded.

**d.** Defendants' response to Relator's further positions on limitation of discovery, as set forth in 8.c. above:

    i. To the extent discovery proceeds, the parties will coordinate regarding the setting of depositions. Defendants agree that Relator may designate only one lawyer to question witnesses. Defendants propose that depositions have a presumptive time limit of one seven-hour day each, as the Federal Rules provide. Defendants object to Relator's proposal that Relator be given two seven-hour days for every deposition. Should a longer time period than one day be required for a particular deposition, Defendants propose that the parties will confer regarding allowing more time for that particular deposition and, if the parties cannot agree, a party may seek leave of court requesting additional time for the taking of that deposition. Defendants agree that the parties must seek leave of court to take additional depositions beyond the limits set forth in Rule 30(a). It is Defendants' position that no depositions should go forward until this Court rules on their Motion to Dismiss.

    ii. Defendants agree that limits contained in the Fed. Rules Civ. Proc. and Local Rules appropriately apply to discovery directed to any party, when taken. Should there be any discovery beyond the limits contained in the Fed. Rules Civ. Proc. and Local Rules, each side should have an equal number of depositions and interrogatories.

    iii. Defendants agree to coordinate with each other in serving written discovery requests on Relator. Defendants also agree that no written discovery should be duplicative.

9. **Other Orders that should be entered by the Court under subdivision (c) or under Rule 16(b) and (c).**

   a. Relator does not presently believe there are additional issues to be covered other than as set forth herein.  Defendants believe that, for the reasons set forth above and in their Motion to Stay, the Court should enter an Order pursuant to Federal Rule of Civil Procedure 26(c) staying the entry of a Scheduling Order and discovery until after Defendants' Motion to Dismiss has been resolved, as well as allow the parties to submit a proposed scheduling order within 30 days of the date of the Court's ruling on Defendants' Motion to Dismiss.

10. **Discovery Plan.** The parties propose as follows:

    a. Relator anticipates propounding written discovery, including requests for production of documents and things, interrogatories, and requests for admission - followed by depositions, including depositions of representatives of the parties and of third parties. In addition, Relator anticipates the need for expert witnesses regarding various issues.

    b. It is Defendants' position that no discovery should proceed until this Court rules on Defendants' Motion to Dismiss.  In the event Relator's "nationwide" allegations survive Defendants' Motion to Dismiss, Defendants believe that discovery should be phased so that discovery relating to Relator's allegations concerning MCS occur first followed by summary judgment briefing, with Relator's "nationwide" allegations not subject to discovery unless and until Relator's MCS-related allegations survive summary judgment.  Defendants' position is that Relator's "nationwide" allegations are derivative of the MCS allegations, i.e. Relator argues that what occurred with respect to MCS must have occurred nationwide.  If the MCS allegations fail, there would be no basis for the case to continue as to Relator's "nationwide" allegations.  To the extent discovery proceeds, Defendants agree with Relator that discovery would include written discovery, including requests for production of documents and things, interrogatories, and requests for admission, followed by depositions, including depositions of representatives of the parties and of third parties, and likely expert discovery.

    c. Written Discovery Plan: As of the date of this Report, the parties' respective proposals on the discovery schedule are as follows:

### i.  Fact Discovery

| Event | Relator's Proposed Timing | Defendants' Proposed Timing[1] |
|---|---|---|
| Last date for parties to complete initial disclosures | June 29, 2012 | 30 Days after Defendants submit any Answer to Plaintiffs' Amended Complaint[2] |
| The parties may serve their written Requests for Production pursuant to Fed. Rule Civ. Proc. 34, written Interrogatories pursuant to Fed. Rule Civ. Proc. 33, and Requests for Admissions pursuant to Fed. Rule Civ. Proc. 36. | April 20, 2012 – June 13, 2013 | As to MCS-related claims, within 150 days of this Court's ruling on Defendants' motion to dismiss sustaining any claims in Relator's Amended Complaint; as to nationwide claims, if any, within 150 days of this Court's ruling on Defendants' motion for summary judgment on MCS claims. |
| Relator may depose witnesses associated with defendants, including:<br><br>• Defendants' Rule 30(b)(6) designees<br><br>• Defendants' officers, directors, employees, and other individuals within Defendants' control. | May 1, 2012 – June 13, 2013 | As to MCS-related claims, within 180 days of this Court's ruling on Defendants' motion to dismiss sustaining any claims in Relator's Amended Complaint; as to nationwide claims, if any, within 180 days of this Court's ruling on Defendants' motion for summary judgment on |

---

[1]     As previously stated, Defendants request that entry of any case schedule be deferred and that discovery be stayed pending this Court's decision on Defendants' Motion to Dismiss, for the reasons set forth in Defendants' contemporaneously filed Motion to Stay.  Accordingly, Defendants' counter-proposed schedule set forth below is offered merely in the alternative, in the event the Court were disinclined to defer entry of the scheduling order until after resolution of the Motion to Dismiss.

[2]     Defendants agree to submit any Answer, if necessary,  to Relator's Amended Complaint 30 days after the date on which this Court decides Defendants' Motion to Dismiss.

| | | |
|---|---|---|
| | | MCS claims.<br><br>Defendants object to Relator's attempt to prevent Defendants from taking Relator's deposition until after Relator has taken Defendants' and third parties' depositions. This is an improper attempt by Relator to learn facts through discovery before his deposition is taken. |
| The parties may depose third party witnesses. | April 20, 2012 – July 13, 2013 | As to MCS claims, within 180 days of this Court's ruling on Defendants' motion to dismiss sustaining any claims in Relator's Amended Complaint; as to nationwide claims, if any, within 180 days of this Court's ruling on Defendants' motion for summary judgment on MCS claims |
| Defendants may depose Relator. | July 9, 2012 – May 13, 2013 | As to MCS claims, within 180 days of this Court's ruling on Defendants' motion to dismiss sustaining any claims in Relator's Amended Complaint; as to nationwide claims, if any, within 180 days of this Court's ruling on Defendants' motion for summary judgment on MCS claims.<br><br>Defendants object to Relator's attempt to prevent Defendants from taking Relator's |

| | | deposition until after Relator has taken Defendants' and third parties' depositions. This is an improper attempt by Relator to learn facts through discovery before his deposition is taken. |
|---|---|---|
| Last day for supplementation of disclosures and responses. | June 13, 2013 | As to MCS claims, within 180 days of this Court's ruling on Defendants' motion to dismiss sustaining any claims in Relator's Amended Complaint; as to nationwide claims, if any, within 180 days of this Court's ruling on Defendants' motion for summary judgment on MCS claims. |
| LAST DAY FOR FACT DISCOVERY, subject to re-opening fact discovery in the event an expert discloses information reasonably justifying further fact discovery. | July 13, 2013 | As to MCS claims, 180 days of this Court's ruling on Defendants' motion to dismiss sustaining any claims in Relator's Amended Complaint; as to nationwide claims, if any, 180 days of this Court's ruling on Defendants' motion for summary judgment on MCS claims. |

ii.   **Expert Discovery**

| Event | Relator's Proposed Date Range | Defendants' Proposed Timing |
|---|---|---|

| | | |
|---|---|---|
| <u>Relator Proposes:</u><br>Simultaneous expert disclosures, Fed. Rule Civ. Proc. 26(a)(2)<br><br><u>Defendants Propose:</u><br>Relator's expert disclosures | July 13, 2013 | **Relator's expert disclosures due** as to MCS-related claims, 180 days after this Court decides Defendants' motion to dismiss; and as to nationwide claims, if any, 180 days after this Court decides Defendants' motion for summary judgment on MCS claims. |
| <u>Relator Proposes:</u><br>Simultaneous expert disclosures of expert opinions and reports responding to or rebutting initial expert disclosures<br><u>Defendants Propose:</u><br>Defendants' expert disclosures and response to Relator's expert disclosures. | July 27, 2013 | **Defendants' expert disclosures and response to Relator's expert disclosures due** as to MCS claims, 210 days after this Court decides Defendants' motion to dismiss; and as to nationwide claims, if any, 210 days after this Court decides Defendants' motion for summary judgment on MCS claims. |
| <u>Relator Proposes:</u><br>Simultaneous expert disclosures of reply reports<br><u>Defendants Propose:</u> reply reports, if any | August 23, 2013 | As to MCS claims, 230 days after this Court decides Defendants' motion to dismiss; as to nationwide claims, if any, 230 days after this Court decides Defendants' motion for summary judgment on MCS claims. |

| | | |
|---|---|---|
| Depositions of experts.  The parties will coordinate in the taking of depositions. | September 2, 2013 – December 31, 2013 | As to MCS claims, 260 days after this Court decides Defendants' motion to dismiss; as to nationwide claims, if any, 260 days after this Court decides Defendants' motion for summary judgment on MCS claims. |
| LAST DAY FOR EXPERT DISCOVERY | December 31, 2013 | As to MCS claims, 260 days after this Court decides Defendants' motion to dismiss; as to nationwide claims, if any, 260 days after this Court decides Defendants' motion for summary judgment on MCS claims. |

11. **Issues or Claims Any Party Believes May be Determined by Motion for Summary Judgment**

    **a.**   Relator does not believe any issue can be disposed of by summary adjudication.

    **b.**   Defendants believe this matter can be disposed of in its entirety by summary adjudication, to the extent any portion of this case survives Defendants' motion to dismiss.

    **c.**   Relator proposes a December 31, 2013 cut-off for the filing of dispositive motions.  Briefing and hearing schedules for those motions are to be coordinated among the parties so as to permit parties opposing such motions an adequate time to respond.

    **d.**   Defendants propose that the cut-off for the filing of dispositive motions should be as follows: As to the MCS-related claims, 290 days after this Court decides Defendants' motion to dismiss; as to nationwide claims, if any, 290 days after this Court decides Defendants' motion for summary judgment on MCS claims.

12. **Other Matters:**

The parties propose and request the following additional dates and conferences:

**a.** Requested date for final pretrial conference:
    i. Relator's Position; February 10, 2014
    ii. Defendants' Position: 30 days prior to trial

**b.** Final date for the Plaintiffs to amend pleadings or to join parties:
    i. Relator's Position: May 13, 2013
    ii. Defendants' Position: 30 days after the filing of Defendants' Answers, if any, in this case.

**c.** Final date for the Defendants to amend pleadings or to join parties
    i. Relator's Position: June 13, 2013
    ii. Defendants' Position: 60 days after the filing of Defendants' Answers, if any, in this case.

**d.** Prospects for settlement:  All parties agree, none at this time.

**e.** Final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition,  and exhibit lists
    i. Relator's Position: February 21, 2014
    ii. Defendants' Position: 30 days prior to trial.

**f.** Final date for submitting objections under Rule 26(a)(3)
    i. Relator's Position:
    ii. Defendants' Position: 14 days prior to trial

**g.** Suggested trial date and estimate of trial length:  Parties agree that 2 to 3 weeks is the current estimated length of trial, if limited to the MCS-related claims.  If trial includes Relator's nationwide claims, Defendants believe the trial would take a minimum of 4 to 6 weeks, and likely much longer.
    i. Relator's suggested dates: March 3 to March 14, 2014.
    ii. Defendants' suggested dates: if limited to MCS claims, 90 days after this Court decides Defendants' Motion for Summary Judgment as to MCS claims; if nationwide claims included, 90 days after this Court decides Defendants' Motion for Summary Judgment as to nationwide claims.

Respectfully Submitted,

MECKLER BULGER TIILSON MARICK &
PEARSON LLP

By: */s/ Michael I. Leonard*
MICHAEL I. LEONARD, ESQUIRE
JONATHAN D. LICHTERMAN, ESQUIRE
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 474-7925

PIETRAGALLO GORDON ALFANO
BOSICK & RAASPANTI, LLP

MARC S. RAPANTI, ESQUIRE
MICHAEL A. MORSE, ESQUIRE
PAMELA C. BRECHT, ESQUIRE
I.D. Nos.: 41350; 80507; 62249
1818 Market Street, Suite 3402
Philadelphia, PA 19103
(215) 320-6200
www.falseclaimsact.com

ENSTROM, LIPSCOMB & LACK, P.C.

PAUL A. TRAINA, ESQUIRE
ADAM D. MILLER, ESQUIRE
10100 Santa Monica Blvd., 12th Floor
Los Angeles, CA 90067-4107
(310) 552-3800

*Attorneys for Plaintiff Anthony R. Spay*

April 24, 2012

By: */s/ Robert H. Griffith*
ROBERT H. GRIFFITH, ESQUIRE
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800

#362141                    13

Chicago, IL 60654-5313
Tel. (312-832-4500
Fax (312) 832-4700
rgrifftith@foley.com


MICHAEL P. MATTHEWS, ESQUIRE
FOLEY & LARDNER LLP
100 N. Tampa Street, Suite 2700
Tampa, FL 33602-5810
Tel. (813) 229-2300
Fax. (813) 221-4210
mmatthews@foley.com


THOMAS M. GALLAHER (ID NO. 55984)
gallaghert@pepperlaw.com
ROBIN SUMNER (ID NO. 82236)
summer@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
Tel. (215) 981-4000
Fax. (215) 981-4750


*Counsel for Defendants CVS Caremark*
*Corporation, Caremark Rx, Caremark, LLC, and Silverscript, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2012, I electronically filed the foregoing Joint Scheduling Conference Report using the CM/ECF system which will send to all parties of record. The foregoing is available for download and viewing on the ECF System.

*/s/ Michael I. Leonard*
Michael I. Leonard