## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>EX REL. ANTHONY R. SPAY | : | CIVIL ACTION NO.<br>09-cv-04672 |
| Plaintiff, | : | |
| | : | HON. RONALD L. BUCKWALTER |
| v. | : | |
| | : | |
| CVS CAREMARK CORPORATION, et al. | : | |
| Defendants. | : | |
| | : | |

### PLAINTIFF'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, OBJECTIONS TO, CERTAIN EXHIBITS TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, by and through his undersigned counsel, moves to strike certain Exhibits accompanying Defendants' Motion to Dismiss and attached to the Declaration of Defendants' counsel, Robert H. Griffith.[1]  In the alternative, Plaintiff Objects to such Exhibits and asks that this Court disregard them for purposes of its consideration of Defendants' Motion to Dismiss.  In support of this Motion, Plaintiff states as follows:

---

[1] Although Rule 12(f) of the Federal Rules of Civil Procedure speaks to the propriety of filing a Motion to Strike only with respect to a *pleading*, courts have also considered Motions to Strike in the context of a party seeking to bar the court's consideration of materials attached to a party's motion, including materials -- like those in the instant case  -- that have been improperly submitted by a defendant to a motion to dismiss.  *See, e.g., In re Viropharma, Inc. Securs. Litig.*, 2003 WL 1824914 (E.P. Pa., April 7, 2003).  However, others have indicated that a Motion to Strike in the present context is not the appropriate procedural vehicle, and that filing Objections is the preferred course.  *See, e.g., Smith v. Southeastern Stages, Inc.*, 479 F.Supp. 593, 594-595 (N.D. Ga. 1977).

## I.      Procedural Background

In support of their Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"),

Defendants cite to and rely upon numerous Exhibits which are attached to the Affidavit of their

counsel, Robert H. Griffith.  *See* Griffith Declaration, attached to Defendants' Motion to Dismiss

as Exhibit 1, and Exhibits "A" though "O," attached thereto.

As further set forth below, this Court should not and cannot rely upon most of these

Exhibits.  Accordingly, this Court should either "strike" the identified exhibits, or grant

Plaintiff's Objections disregard them entirely for purposes of its consideration of Defendants'

Motion to Dismiss.

## II.     Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the

Complaint.  *See, e.g., Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3rd Cir. 2009).

Accordingly, in assessing the Complaint's sufficiency, the court must accept as true all well-pled

facts and allegations, and draw all reasonable inferences in favor of the plaintiff.  *Id.*

In the context of their Motion, Defendants have attempted to improperly extend this

Court's analysis of the sufficiency of Plaintiff's FAC well beyond the four corners of his

Complaint by attaching, and attempting to rely upon, numerous Exhibits.  In short, by way of

those Exhibits, Defendants are attempting to improperly "rebut" and/or assert defenses to,

Plaintiff's allegations -- challenges inappropriate under Rule 12(b)(6) at the pleading stage.

Indeed, pursuant to Rule 12(b)(6), "affidavits or other peripheral documents are generally

not permissible for a district court's consideration because a motion to dismiss attacks claims

contained by the four corners of the complaint."  *See, e.g., Snyder v. Baxter Healthcare, Inc.*, 393

Fed. Appx. 905, 906 (3rd Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410,

1426 (3d Cir. 1997); *Medvac MidAtlantic, LLC v. Keystone Mercy Health Plan*, 817 F. Supp.2d

515, 516 (E.D. Pa. 2011); *Zion v. Nassan*, 727 F.Supp.2d 388, 395-397 (W.D. Pa. 2010);

*Philadelphia Housing Authority v. Cedarcrestone, Inc.*, 562 F.Supp. 2d 653, (E.D. Pa. 2008);

Thus, it is well-settled that, in the context of a motion to dismiss, the court can only consider the

plaintiff's allegations, including any exhibits attached to the Complaint, as well as any

documents that plaintiff is actually relying upon in support of his allegations – even if he has not

attached them to his Complaint. *Id.*; *see also In re Viropharma, Inc. Securs. Litig.*, 2003 WL

1824914 (E.P. Pa., April 7, 2003) (stating that, with respect to that latter category of documents,

"just because the plaintiff [relied upon a document but] chose not to attach it . . . [does not] bar

the court from considering [its] 'full text'").

In addition, the court may also "consider materials that are *public records*[2] and that may

be judicially noticed under Federal Rule of Evidence 201. *Viropharma*, *supra* (emphasis added).

Stated another way, documents that are "not suitable for judicial notice" cannot be considered by

this Court in the context of Defendants' Motion to Dismiss. *Id.* Moreover, such materials "*may

not be considered for the truth of the matters stated within them.*" *Id.* (*quoting Kramer v. Time

Warner, Inc.,* 937 F.2d 767, 774 (2d Cir. 1991)) (emphasis added). Indeed, if a court "adopted

the approach of considering such documents [public records] for the truth of the matter asserted

---

[2]   *See, e.g.,* Anspach ex. rel. Anspach v. City of Philadelphia, 503 F.3d 256, 273, n. 11 (3d Cir. 2007)
(matters of public record that the court may take judicial notice of "are those facts capable of accurate and
ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Oran v.
Stafford*, 226 F.3d 275, 289 (3d Cir. 2000); *Zion*, *supra*.

therein, it would be authorizing a trial by public documents, and thus imprudently expanding the scope of 12(b)(6) motions."[3]

**III.    Plaintiff's Motion To Strike/Specific Objections To Exhibits**

      Whether this Court fashions its remedy as sustaining Relator's "objections" to Defendants' Exhibits or, whether it actually, strikes from the record such exhibits pursuant to Relator's "Motion to Strike," the end result is the same, the Court's disregard entirely the following Exhibits for purposes of its consideration of Defendants' Motion to Dismiss:

**Exhibit "A" to Griffith Declaration** (Defendants' Response to the Spay/PharmDUR Audit):

      Plaintiff objects to this Exhibit because it does not relate to this Court's consideration of the jurisdictional issues raised by Defendants in their Motion to Dismiss.  Moreover, it is being offered by Defendants for the truth of the matters asserted therein and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802); it lacks foundation and has not been properly authenticated (Fed. R. Evid. 901); it fails to satisfy the "best evidence" Rule (Fed. R. Evid. 1002); and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.

**Exhibit "C" to Griffith Declaration** (May 1, 2009 CMS Memo from Cynthia Tudor):

      Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any position or finding of CMS.  Moreover, it does not relate to this Court's consideration of the

---

[3]  Plaintiff is also filing a separate Motion addressing Defendants' improper attempts to take "judicial notice" of subjects/issues that are appropriate for such treatment.

4

jurisdiction issues raised by Defendants in their Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802); it lacks foundation and has not been properly authenticated (Fed. R. Evid. 901); it fails to satisfy the "best evidence" Rule (Fed. R. Evid. 1002); and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.  Furthermore, there is no evidence that Defendants received, reviewed, or relied upon this document.

**Exhibit "D" to Griffith Declaration** (October 21, 2006 CMS Memo from Cynthia Tudor):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any position or finding of CMS.  Moreover, it does not relate to this Court's consideration of the jurisdiction issues raised by Defendants in their Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802); it lacks foundation and has not been properly authenticated (Fed. R. Evid. 901); it fails to satisfy the "best evidence" Rule (Fed. R. Evid. 1002); and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.  Furthermore, there is no evidence that Defendants received, reviewed, or relied upon this document.

**Exhibit "E" to Griffith Declaration** (March 30, 2006 CMS Memo from Gary Bailey):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any position or finding of CMS.  Moreover, it does not relate to this Court's consideration of the

jurisdiction issues raised by Defendants in their Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802); it lacks foundation and has not been properly authenticated (Fed. R. Evid. 901); it fails to satisfy the "best evidence" Rule (Fed. R. Evid. 1002); and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.  Furthermore, there is no evidence that Defendants received, reviewed, or relied upon this document.

**Exhibit "F" to Griffith Declaration** (March 25, 2008 CMS Guidance on "How to Prepare RDS Cost Data Submission to the RDS Center"):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any position or finding of CMS.  Moreover, it does not relate to this Court's consideration of the jurisdiction issues raised by Defendants in their Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802); it lacks foundation and has not been properly authenticated (Fed. R. Evid. 901); it fails to satisfy the "best evidence" Rule (Fed. R. Evid. 1002); and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.  Furthermore, there is no evidence that Defendants received, reviewed, or relied upon this document.

**Exhibit "G" to Griffith Declaration** (September 2009 Report OEI-02-08-00460 issued by Department of Health and Human Services Office of Inspector General):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any position or finding of CMS.  Moreover, it does not relate to this Court's consideration of the jurisdiction issues raised by Defendants in their Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802); it lacks foundation and has not been properly authenticated (Fed. R. Evid. 901); it fails to satisfy the "best evidence" Rule (Fed. R. Evid. 1002); and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.  Furthermore, there is no evidence that Defendants received, reviewed, or relied upon this document.

**Exhibit "H" to Griffith Declaration** (June 2010 Report OEI-03-09-00140 issued by Department of Health and Human Services Office of Inspector General):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any position or finding of CMS.  Moreover, it does not relate to this Court's consideration of the jurisdiction issues raised by Defendants in their Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802); it lacks foundation and has not been properly authenticated (Fed. R. Evid. 901); it fails to satisfy the "best evidence" Rule (Fed. R. Evid. 1002); and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.  Furthermore, there is no evidence that Defendants received, reviewed, or relied upon this document.

**Exhibit "I" to Griffith Declaration** (November 1, 2010 Report A-07-09-03130 issued by Department of Health and Human Services Office of Inspector General):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any position or finding of CMS.  Moreover, it does not relate to this Court's consideration of the jurisdiction issues raised by Defendants in their Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802); it lacks foundation and has not been properly authenticated (Fed. R. Evid. 901); it fails to satisfy the "best evidence" Rule (Fed. R. Evid. 1002); and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.  Furthermore, there is no evidence that Defendants received, reviewed, or relied upon this document.

**Exhibit "K" to Griffith Declaration** (Docket Sheet from the MCS-Caremark Puerto Rico Litigation):

Plaintiff objects to this Exhibit because its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802), and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.

**Exhibit "L" to Griffith Declaration** (December 24, 2007, Plaintiff's Motion to Request Leave to File an Amended Complaint in the Puerto Rico litigation):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any Order of court of which this Court could take judicial notice, or which otherwise would be res judicata or collateral estoppel to any matter before this Court in the context of Defendants' Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802), and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.

**Exhibit "M" to Griffith Declaration** (December 28, 2007, Opposition to Plaintiff's Motion to Request Leave to File an Amended Complaint in the Puerto Rico Litigation):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any Order of court of which this Court could take judicial notice, or which otherwise would be res judicata or collateral estoppel to any matter before this Court in the context of Defendants' Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802), and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.

**Exhibit "N" to Griffith Declaration** (January 10, 2008, Plaintiff's Motion to Request Reconsideration of Court's Order Denying Plaintiff's Request for Leave to File an Amended Complaint in the Puerto Rico Litigation):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any Order of court of which this Court could take judicial notice, or which otherwise would be res judicata or collateral estoppel to any matter before this Court in the context of Defendants' Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802), and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.

**Exhibit "O" to Griffith Declaration** (January 18, 2008, Defendants' Response to Plaintiff's Motion to Request Reconsideration of Court's Order Denying Plaintiff's Request for Leave to File an Amended Complaint in the Puerto Rico Litigation):

Plaintiff objects to this Exhibit because it is not a "public record," nor does it represent any Order of court of which this Court could take judicial notice, or which otherwise would be res judicata or collateral estoppel to any matter before this Court in the context of Defendants' Motion to Dismiss.  In addition, its contents are being offered for the truth of the matters asserted therein, and therefore cannot be considered by this Court at this stage of the proceedings.  In addition, it constitutes inadmissible hearsay (Fed. R. Evid. 802), and it is not relevant (Fed. R. Evid. 402) at this stage of the proceedings to this Court's consideration of Defendants' Motion to Dismiss.

Dated:  June 28, 2012                    Respectfully submitted,

                                         /s/Michael I. Leonard

                                         Michael I. Leonard
                                         Jonathan D. Lichterman
                                         MECKLER BULGER TILSON MARICK &
                                         PEARSON, LLP
                                         123 North Wacker Drive, Suite 1800
                                         Chicago, IL 60606

                                         Marc S. Raspanti
                                         Michael A. Morse
                                         Pamela C. Brecht
                                         I.D. Nos. 41350, 80507, 62249
                                         PIETRAGALLO GORDON ALFANO BOSICK &
                                         RASPANTI, LLP
                                         1818 Market St., Ste. 3402
                                         Philadelphia, PA  19103
                                         Tel:  (215)320-6200/Fax:  (215)981-0082

                                         Paul A. Traina
                                         Adam D. Miller
                                         ENGSTROM, LIPSCOMB & LACK, P.C.
                                         10100 Santa Monica Boulevard, 12th Floor
                                         Los Angeles, CA  90067-4113
                                         Tel:  (310)552-3800/Fax:  (310)552-9434

                                         Counsel for Plaintiff/Relator Anthony R. Spay

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2012, I electronically filed the foregoing **PLAINTIFF'SMOTION TO STRIKE, OR IN THE ALTERNATIVE, OBJECTIONS TO, CERTAIN EXHIBITS TO DEFENDANTS' MOTION TO DISMISS** using the CM/ECF system which will send notice of electronic filing to all parties as listed on the Notice of Electronic Filing.  The foregoing is available for download and viewing on the ECF system.

/s/Michael I. Leonard

Michael I. Leonard