# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, EX REL. )
ANTHONY R. SPAY, )
                 )
           Plaintiff, )
                 )
      vs. )     Case No. 09-4672
                 )
CVS CAREMARK CORPORATION; )     HON. RONALD L. BUCKWALTER
CAREMARK Rx, LLC (f/k/a CAREMARK )
Rx, Inc.); CAREMARK, LLC (f/k/a )
CAREMARK, INC.); SILVERSCRIPT, LLC )
(f/k/a SILVERSCRIPT INC.), )
                 )
          Defendants. )

## DEFENDANTS' ANSWER TO RELATOR'S
## FIRST AMENDED QUI TAM COMPLAINT

      Defendants CVS Caremark Corporation, Caremark Rx, LLC, Caremark, LLC, and

SilverScript, LLC (collectively "Caremark" or "Defendants"), by and through their undersigned

attorneys, hereby answer the First Amended Qui Tam Complaint ("Amended Complaint")

brought by Plaintiff Anthony R. Spay ("Spay" or "Plaintiff" or "Relator") and respond to the

allegations as follows:

      1.      Defendants admit only that Plaintiff purports to bring an action to recover alleged

damages and civil penalties and asserts claims under the Federal Civil False Claims Act, 31

U.S.C. § 3729 *et seq.*, as amended ("the FCA" or "the Act").  However, Defendants deny that

Plaintiff has any valid claims as against them or that Plaintiff is entitled to any of the requested

relief.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 1

of the Amended Complaint.

      2.      Defendants deny the allegations in Paragraph 2 of the Amended Complaint.

      3.      Defendants deny the allegations in Paragraph 3 of the Amended Complaint.

4.      Defendants deny the allegations in Paragraph 4 of the Amended Complaint.

5.      Defendants deny the allegations in Paragraph 5 of the Amended Complaint.

6.      Defendants admit only that Plaintiff purports to seek to recover alleged damages and civil penalties.  However, Defendants deny that Plaintiff has any valid claims as against them and deny that they are liable for any such damages or civil penalties.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 6 of the Amended Complaint.

7.      The allegations in Paragraph 7 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 7 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statute referenced therein.

8.      Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 8 of the Amended Complaint, and therefore deny the same.

9.      Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9 of the Amended Complaint, and therefore deny the same.

10.      Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 10 of the Amended Complaint, and therefore deny the same.

11.      Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 11 of the Amended Complaint, and therefore deny the same.

12.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 12 of the Amended Complaint, and therefore deny the same.

13.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 13 of the Amended Complaint, and therefore deny the same.

14.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 14 of the Amended Complaint, and therefore deny the same.

15.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 15 of the Amended Complaint, and therefore deny the same.

16.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 16 of the Amended Complaint, and therefore deny the same.

17.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 17 of the Amended Complaint, and therefore deny the same.

18.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 18 of the Amended Complaint, and therefore deny the same.

19.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 19 of the Amended Complaint, and therefore deny the same.

20.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 20 of the Amended Complaint, and therefore deny the same.

21.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 21 of the Amended Complaint, and therefore deny the same.

22.     Defendants admit that Defendant CVS Caremark Corporation (hereafter "CVS Caremark") is incorporated under the laws of the state of Delaware and headquartered at One CVS Drive in Woonsocket, Rhode Island, 02895, and that, as set forth in CVS Caremark's 2011 Form 10-K, together with its subsidiaries, it is the largest pharmacy health care provider in the United States.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 22 of the Amended Complaint.

23.     Defendants admit that CVS Caremark was formed on March 22, 2007, as the result of a merger between CVS Corporation and Defendant Caremark, Rx, Inc.  Defendants further admit that at the time of the merger, Defendant Caremark Rx, Inc. was merged with CVS Corporation and into a newly-formed subsidiary of CVS Corporation, with the CVS subsidiary continuing as the surviving entity.   Defendants admit that following the merger, the merged company changed its name to "CVS Caremark Corporation."

24.     Defendants admit that CVS Caremark has stated following the merger of CVS Corporation and Caremark, Rx, Inc. in 2007, that, together with its subsidiaries, it is the largest

provider of prescription and related healthcare services in the United States, and that its subsidiaries fill or manage more than one billion prescriptions per year.  Except as expressly admitted, Defendants deny the allegations in Paragraph 24 of the Amended Complaint.

25.     Defendants admit that CVS Caremark has the two business segments identified, but deny that such segments are exclusive.  Defendants further admit that, as set forth in its 2011 Form 10-K, in 2010, CVS Caremark's subsidiaries in the pharmacy services segment filled or managed approximately 585 million prescriptions, and its subsidiaries in the retail pharmacy segment filled approximately 636 million retail prescriptions, or approximately 18% of the entire U.S. retail pharmacy market.  Except as expressly admitted, Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations in the first sentence of Paragraph 26 of the Amended Complaint.  As to the second sentence of Paragraph 26, Defendants admit only that CVS Caremark's subsidiaries operate the on-line retail website, CVS.com®, and mail order and specialty pharmacies.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants admit only that certain subsidiaries of CVS Caremark Corporation (none of which are parties to this proceeding) currently own and/or operate certain retail stores, mail order pharmacies and a specialty pharmacy within the Commonwealth of Pennsylvania. Defendants deny the remaining allegations of this Paragraph.

28.     Defendants admit that CVS Caremark's subsidiaries operating in its pharmacy services business offer a full range PBM services, including mail order pharmacy services, specialty pharmacy services, administration, formulary management, and claims processing,

among others, and that the largest customer in 2007 was FEHBP.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 28 of the Amended Complaint.

29.     Defendants admit only that one or more of CVS Caremark's subsidiaries has been administering the retail pharmacy benefit program for the Blue Cross and Blue Shield Government-wide Service Benefit Plan (also known as the Federal Employee Program ("FEP")) since 1993.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 29 of the Amended Complaint.

30.     Defendants admit only that in late 2009, one or more of CVS Caremark's subsidiaries' contract with FEP was extended through the end of 2011, and was further extended in May 2011 through 2014, with the services being provided including retail pharmacy benefit management services, including network contracting and management of customized clinical programs, as well as mail order and specialty pharmacy services.  Defendants further state that such agreement speaks for itself, and deny the remaining allegations in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendants deny that Paragraph 32 accurately characterizes CVS Caremark's public filings, which speak for themselves, and therefore deny the allegations in Paragraph 32 of the Amended Complaint.

33.     Defendants admit that certain of CVS Caremark's subsidiaries have provided Part D PBM services to their various respective clients' Part D Plans.  Defendants specifically deny that Exhibit "A" attached to the Amended Complaint is an organizational chart of any Defendant describing the CVS Caremark entities involved in its Medicare Part D business.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants admit that since 2006 SSIC has served as a PDP Sponsor that contracts with CMS to provide prescription drug benefits, and that it provides such benefits in all 50 states, District of Columbia, and Puerto Rico.  Except as expressly admitted, Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendants admit that on or about January 1, 2009, Accendo replaced RxAmerica as the sponsor of a Part D drug benefit plan.  Defendants deny the remaining allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants admit only that various subsidiaries of CVS Caremark operate thousands of retail pharmacies, as well as mail order and specialty pharmacies that process Part D prescriptions and dispense Part D drugs to Medicare beneficiaries.  Except as expressly admitted, Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendants admit that SSIC is a Medicare Part D Prescription Drug Plan ("PDP") Sponsor that provides Medicare Part D drug benefits to eligible beneficiaries, and has done so since 2006.  Except as expressly admitted, Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendants admit that SSIC is a PDP that contracts with CMS to provide prescription drug plans in all 50 states, the District of Columbia, and Puerto Rico.  Except as expressly admitted, Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendants admit that in December 2010 CVS Caremark announced an agreement to acquire the Medicare Part D business of Universal American Financial Corporation for approximately $1.25 billion.  Defendants further admit that the acquisition was completed on April 29, 2011.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 39 of the Amended Complaint.

40.     Defendants admit that Caremark Rx, LLC is organized under the laws of the state of Delaware, with its principal offices located in Woonsocket, RI.  Defendants further admit that Caremark Rx, LLC is the direct or indirect parent of CVS Caremark's various subsidiary entities that provide certain PBM services.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 40 of the Amended Complaint.

41.     Defendants admit that, as set forth in Caremark Rx's 2007 Form 10-K, together with its subsidiaries, it was one of the largest pharmaceutical services companies in the United States, with net revenues in 2006 of approximately $36.8 billion, and collectively employing approximately 13,360 people.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 41 of the Amended Complaint.

42.     Defendants admit only that certain subsidiaries of Caremark Rx provide certain PBM services, including the facilitation of dispensing of prescription drugs to the eligible participants of their clients' benefit plans, and the provision of drug benefits to eligible beneficiaries under the Federal government's Medicare Part D Program.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 42 of the Amended Complaint.

43.     Defendants admit only that certain subsidiaries of Caremark Rx operate mail order, specialty mail order and retail specialty pharmacy subsidiaries that conduct business in various locations throughout the United States and/or certain of its legal territories.  Defendants deny the remaining allegations in Paragraph 43 of the Amended Complaint.

44.     Defendants admit that CVS Caremark's subsidiaries operating in the pharmacy services segment provide a range of PBM services including mail order pharmacy services, specialty pharmacy services, administration, formulary management and claims processing,

among others, and that their clients include, but are not limited to, certain managed care entities that provide services to beneficiaries of Medicare and Medicaid, as well as employers who qualify for the retiree drug subsidiary.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 44 of the Amended Complaint.

45.    Defendants admit that certain of CVS Caremark's and/or Caremark Rx's subsidiaries provide services to their respective clients (including employers, unions, government employee groups, insurance companies, and managed care organizations), some of whom have qualified as PDPs.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 45 of the Amended Complaint.

46.    Defendants admit that certain of CVS Caremark subsidiaries assist employer, union, and other health plan clients that qualify for the Medicare Part D retiree drug subsidy by, among other things, collecting and submitting eligibility and/or drug cost data to CMS as required under Part D.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 46 of the Amended Complaint.

47.    Defendants admit that SilverScript, L.L.C. was formerly known as SilverScript, Inc. and changed its name to CVS Caremark Part D Services, L.L.C. ("SilverScript") on or about May 28, 2009.  Defendants admit that SilverScript is a Delaware limited liability company with its principal place of business at 2211 Sanders Road, Northbrook, Illinois 60062.

48.    Defendants admit that SilverScript is a wholly-owned subsidiary of Caremark Rx, L.L.C. and is an indirectly owned subsidiary of CVS Caremark.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 48 of the Amended Complaint.

49.    Defendants admit that since 2006, SilverScript has provided certain PBM services to Part D Plan Sponsors in various locations throughout the country, including, from 2006

9

through 2007, MCS Life.  Defendants admit, on information and belief, that MCS is a for profit corporation registered in the Commonwealth of Puerto Rico.  Except as expressly admitted, Defendants deny the remaining allegations of this Paragraph.

50.     Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendants admit that SilverScript has provided PBM services to Part D Plan Sponsors, including to MCS Life, and that after March 2007 it remained a subsidiary of Caremark Rx, which was an indirect subsidiary of CVS Caremark.  Except as expressly admitted, Defendants deny the remaining allegations of this paragraph.

53.     Defendants admit that SilverScript provided Part D PBM services from 2006, and that in 2009, it became known as CVS Caremark Part D Services, LLC, which is a Delaware limited liability corporation with a registered agent located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Except as expressly admitted, Defendants deny the remaining allegations of this paragraph.

54.     Defendants admit that Caremark is a California limited liability company which has its principal place of business at 2211 Sanders Road, Northbrook, IL 60062, and that it is wholly-owned by Caremark Rx.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 54 of the Amended Complaint.

55.     Defendants admit only that prior to the referenced merger, Caremark Rx had various subsidiaries, including but not limited to Caremark Inc. (now known as Caremark, L.L.C.) and CaremarkPCS, that provided a variety of PBM services to their respective clients. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 55 of the Amended Complaint.

56.     Defendants admit that SilverScript Insurance Company offers Medicare Part pharmacy benefits.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants admit that SilverScript Insurance Company was formed as an indirect subsidiary of Caremark Rx to participate as a Part D Plan under the Medicare Drug Benefit and that in 2006 it obtained a license from the State of Tennessee to operate as a health insurance company.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants admit that SilverScript Insurance Company is an indirect subsidiary of CVS Caremark, offers Medicare Part D pharmacy benefits, and has been approved by CMS as a prescription drug plan Sponsor under Medicate Part D throughout the United States.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 58 of the Amended Complaint.

59.     Defendants deny that SilverScript Insurance Company is a direct wholly-owned subsidiary of CVS Caremark Corporation.  Defendants admit that SilverScript Insurance Company currently offers Part D Plans in all 50 states, Washington D.C. and Puerto Rico. Defendants further admit that for the year ending in 2008, SilverScript Insurance Company was licensed in Pennsylvania.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 59 of the Amended Complaint.

60.     Defendants admit that SSIC and SilverScript are indirect subsidiaries of CVS Caremark.  Except as expressly admitted herein, Defendants deny the remaining allegations in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

11

62.     Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

64.     The first two sentences of the allegations in Paragraph 64 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, Defendants deny such allegations.   Defendants deny the remaining allegations in Paragraph 64 of the Amended Complaint.

65.     Defendants admit, on information and belief, that Medical Card System, Inc. (hereafter, "MCS") is a for profit corporation registered in the Commonwealth of Puerto Rico. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 65 of the Amended Complaint, and therefore deny the same.

66.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 66 of the Amended Complaint, and therefore deny the same.

67.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 67 of the Amended Complaint, and therefore deny the same.

68.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 68 of the Amended Complaint, and therefore deny the same.

69.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 69 of the Amended Complaint, and therefore deny the same.

70.     Defendants admit, on information and belief, that MCS Life Insurance Company (hereafter "MCS Life") is a for profit corporation registered in the Commonwealth of Puerto Rico.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 70 of the Amended Complaint, and therefore deny the same.

71.     Defendants admit, on information and belief, that MCS Life is a subsidiary of MCS.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 71 of the Amended Complaint, and therefore deny the same.

72.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 72 of the Amended Complaint, and therefore deny the same.

73.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 73 of the Amended Complaint, and therefore deny the same.

74.     Defendants admit only that SilverScript entered into a contract with MCS on or about January 1, 2006 (which is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied), pursuant to which it provided certain services to MCS Life during the referenced timeframe as more specifically set forth in the referenced contract.  Except as expressly admitted, Defendants deny the remaining allegations of this Paragraph.

75.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 75 of the Amended Complaint, and therefore deny the same.

76.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 76 of the Amended Complaint, and therefore deny the same.

77.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 77 of the Amended Complaint, and therefore deny the same.

78.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 78 of the Amended Complaint, and therefore deny the same.

79.     The allegations in Paragraph 79 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 80 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes referenced therein.

81.     The allegations in Paragraph 81 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82 of the Amended Complaint.

83.     The allegations in Paragraph 83 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 83 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute and regulation referenced therein.

84.    The allegations in Paragraph 84 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 84 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Act or statutes referenced therein.

85.    The allegations in Paragraph 85 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes referenced therein.

86.    The allegations in Paragraph 86 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes referenced therein.

87.    Defendants deny that all of the Defendants offer Part D Plans as alleged in Paragraph 87 of the Amended Complaint.  The remaining allegations in Paragraph 87 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 87 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes referenced therein.

88.    The allegations in Paragraph 88 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 88 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and regulation referenced therein.

89.     The allegations in Paragraph 89 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations referenced therein.

90.     The allegations in Paragraph 90 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 90 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes referenced therein.

91.     The allegations in Paragraph 91 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 91 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations referenced therein.

92.     The allegations in Paragraph 92 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 92 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and regulation referenced therein.

93.     The allegations in Paragraph 93 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations referenced therein, or any other applicable law or regulation.

94.     The allegations in Paragraph 94 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein.

95.     The allegations in Paragraph 95 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 95 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and regulations that govern payments from CMS to Part D Plan Sponsors and documentation of actual costs incurred by Part D Plan Sponsors, or any other applicable law or regulation.

96.     The allegations in Paragraph 96 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 96 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations referenced therein.

97.     The allegations in Paragraph 97 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and/or regulations that govern CMS' cost reconciliation processes, or any other applicable law or regulation.

98.     The allegations in Paragraph 98 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the statutes and/or regulations governing payment from CMS to a Part D

Sponsor and a Part D Sponsor's payment to pharmacies for prescriptions.  Defendants further deny that Plaintiff has accurately characterized the Part D payment process and therefore deny the remaining allegations of this Paragraph.

99.    The allegations in Paragraph 99 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 99 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations referenced therein.

100.    The allegations in Paragraph 100 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 100 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein.

101.    The allegations in Paragraph 101 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 101 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulations referenced therein.

102.    The allegations in Paragraph 102 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 102 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation or 2006 CMS Prescription Drug Manual referenced therein.

103.    The allegations in Paragraph 103 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 103 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein.

104.    The allegations in Paragraph 104 of the Amended Complaint set forth legal conclusion to which no response is required.  To the extent a response is required, the referenced 2006 CMS Prescription Drug Manual is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.

105.    The allegations in Paragraph 105 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 105 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation or 2006 CMS Prescription Drug Manual referenced therein.

106.    The allegations in Paragraph 106 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 106 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the 2006 CMS Prescription Drug Manual referenced therein, or any other applicable law or regulation.  Defendants further state that the referenced CMS Prescription Drug Manual is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.

107.    The allegations in Paragraph 107 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 107 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation or 2006 CMS Prescription Drug Manual referenced therein.

108.    Defendants admit the allegations in Paragraph 108 of the Amended Complaint.

109.    Defendants admit that Part D Plan beneficiaries seeking to have their prescriptions filled have the option, among others, of going to a retail pharmacy or submitting such prescription to a mail order pharmacy.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 109 of the Amended Complaint.

110.    Defendants admit that pharmacies seeking to fill a Part D Plan beneficiary's prescription will generally receive certain prescription and participant information, submit certain information to the paying entity, including so as to confirm Medicare Part D enrollment and indentify applicable co-pays, and that such process typically takes place via real-time data transmissions.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 110 of the Amended Complaint.

111.    Defendants admit that a pharmacy receiving a Part D prescription must perform certain pharmacy services, as required by state law.  The remaining allegations of paragraph 111 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 111 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the state laws referenced therein, or any other applicable law or regulation.

112.    The allegations of paragraph 112 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the law, regulation, or contract referenced therein, or any applicable law, regulation, and/or CMS guidance.

113.    Defendants admit that the allegations in Paragraph 113 of the Amended Complaint generally describe certain aspects of the adjudication process with respect to network retail and mail order pharmacies.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 113 of the Amended Complaint.

114.    The allegations of paragraph 114 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 114 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of any applicable law, regulation, and/or CMS guidance.

115.    The allegations in Paragraph 115 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 115 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein, or any other applicable law, regulation and/or guidance.

116.    The allegations in Paragraph 116 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 116 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulation(s) governing the submission of information regarding costs of providing Part D coverage by Part D Sponsors to CMS, or of any other applicable law, regulation, and/or CMS guidance.

117.    The allegations in Paragraph 117 of the Amended Complaint set forth legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 117 to the extent they are inconsistent with, or are Plaintiff's

interpretation of, the text of the statute referenced therein, or any other applicable law, regulation and/or guidance.

118.    Defendants admit that a PDE record contains fields for prescription drug cost and payment data as further described in CMS guidance.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 118 of the Amended Complaint.

119.    The allegations in Paragraph 119 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute referenced therein.

120.    The allegations in Paragraph 120 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 120 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations referenced therein.

121.    The allegations in Paragraph 121 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 121 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations or CMS Instructions referenced therein.

122.    The allegations in Paragraph 122 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 122 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulations referenced therein.

123.    The allegations in Paragraph 123 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 123 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations referenced therein.

124.    The allegations in Paragraph 124 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 124 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statutes, regulations, or CMS guidance governing prospective payments from CMS to Part D Sponsors.

125.    The allegations in Paragraph 125 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 125 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statutes, regulations, and/or CMS guidance governing payments to a Part D Sponsor from CMS resulting from year-end reconciliations and adjustments.

126.    The allegations in Paragraph 126 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 126 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein.

127.    The allegations in Paragraph 127 of the Amended Complaint constitute a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 127 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statutes, regulations, and/or CMS guidance governing the PDE cost and payment fields that CMS relies upon and uses in its year end reconciliation.

128.    The allegations in Paragraph 128 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 128 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute or regulation referenced therein.

129.   The allegations in Paragraph 129 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 129 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statute and regulation referenced therein.

130.   The allegations in Paragraph 130 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 130 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein.

131.   The allegations in Paragraph 131 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 131 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein.

132.   The allegations in Paragraph 132 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the referenced document was issued by CMS on or about the date indicated, but deny the allegations in Paragraph 132 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the referenced 2006 CMS Instructions, which have changed over time.

133.   The referenced 2006 CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.

134.    To the extent the allegations in Paragraph 134 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 134 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the referenced 2006 CMS Instructions, which have changed over time.  Defendants further state that the referenced CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.

135.    Defendants admit that PBMs have used certain of the NCPDP fields included within the 37 PDE data fields described in the 2006 CMS Instructions and that NCPDP approved NCPDP version 5.1 in 1999.  Defendants further state that the referenced 2006 CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.   Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 135 of the Amended Complaint.

136.    The allegations in Paragraph 136 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137.    The allegations in Paragraph 137 of the Amended Complaint set forth legal conclusion to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiff has accurately quoted two sentences contained in the referenced 2006 CMS Instructions, however Defendants deny that such sentences are contained within Section 1.4 of such Instructions, and deny Plaintiff's characterization of those sentences. Defendants further state that the referenced 2006 CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.

138.    The allegations in Paragraph 138 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 138 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the 2006 CMS Instructions referenced therein, or any other applicable law or regulation.

139.    The allegations in Paragraph 139 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the text of the 2006 CMS Prescription Drug Benefit Manual referenced therein, and otherwise deny the allegations in Paragraph 139.

140.    The allegations in Paragraph 140 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admit only that Plaintiff has accurately quoted certain language contained in the referenced 2006 CMS Prescription Drug Benefit Manual, however Defendants deny Plaintiff's characterization of such language, and otherwise deny the remaining allegations of this Paragraph.

141.    The allegations in Paragraph 141 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 141 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation and 2006 CMS Prescription Drug Benefit Manual referenced therein.

142.    The allegations in Paragraph 142 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 142 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of CMS's Electronic Data Interchange (EDI) Agreement, or similar

document, referenced therein.  Defendants state that the Court's December 20, 2012 Order noted that a violation of the EDI Agreement "does not clearly give rise to an FCA claim."  (12/20/12 Order at 36 n.7.)

143.    Defendants admit that from 2006 to the present, SilverScript has submitted certifications to CMS, but deny that such certifications violated any applicable law, regulation, and/or CMS guidance.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 143 of the Amended Complaint.

144.    The allegations in Paragraph 144 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 144 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the law, regulation, and/or CMS guidance applicable to the allegations therein.

145.    The allegations in Paragraph 145 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the text of the 2006 CMS Prescription Drug Benefit Manual referenced therein, and otherwise deny the allegations in Paragraph 145.

146.    The allegations in Paragraph 146 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 146 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the CMS 2007 Part D Reporting Requirements referenced therein, or any other applicable law, regulation, and/or CMS guidance.

147.    The allegations in Paragraph 147 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 147 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulation and 2006 CMS Instructions referenced therein, or any other applicable law, regulation, and/or CMS guidance.

148.    Defendants admit the allegations in Paragraph 148 of the Amended Complaint provide an accurate general description of certain PDE fields in 2006.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 148.

149.    The allegations in Paragraph 149 of the Amended Complaint constitute a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny such remaining allegations to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulation referenced therein.

150.    Defendants admit that the cited CMS Instructions refer to field 23 of the PDE record as being a data element for an Adjustment/Deletion Code.   Defendants further state that the referenced 2006 CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 150 of the Amended Complaint.

151.    The allegations in Paragraph 151 of the Amended Complaint set forth legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 151 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the 2006 CMS Instructions referenced therein, or any other applicable law, regulation, and/or CMS guidance.   Defendants further state that the referenced 2006 CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 151 of the Amended Complaint.

152.    Defendants admit that the cited 2006 CMS Instructions refer to field 7 of the PDE record as "Patient Gender."  Defendants further state that the referenced 2006 CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 152 of the Amended Complaint.

153.    The referenced 2006 CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.  To the extent that the allegations in Paragraph 153 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 153 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the 2006 CMS Instructions referenced therein, or any other applicable law, regulation, and/or CMS guidance.

154.    The allegations in Paragraph 154 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 154 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulation referenced therein, or any other applicable law, regulation, and/or CMS guidance.

155.    Defendants deny the allegations in Paragraph 155 of the Amended Complaint. Defendants further state that pharmacists generally conduct concurrent DURs for gender-related contraindications and that conducting such DURs is not always also required of PBMs.

156.    To the extent that the allegations of Paragraph 156 of the Amended Complaint set forth legal conclusions, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 156 to the extent they are inconsistent with or are Plaintiff's

interpretation of any applicable law, regulation, and/or CMS guidance. Defendants deny the remaining allegations in Paragraph 156 of the Amended Complaint.

157.    Defendants admit that the cited 2006 CMS Instructions identify PDE data element field 12 as "Prescriber ID Qualifier," the field that indicates the type of identifier that is used in field 13. Defendants further admit that the cited 2006 CMS Instructions identify PDE data element field 13 as "Prescriber ID," and state that such field contains the prescriber's unique identification number. Defendants further state that the referenced 2006 CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 157 of the Amended Complaint.

158.    To the extent the allegations in Paragraph 158 of the Amended Complaint set forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 158 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the 2006 CMS Instructions referenced therein. As to any remaining allegations, Defendants state that the referenced CMS Instructions is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of the document.

159.    The allegations in Paragraph 159 of the Amended Complaint set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statutes, regulations, and/or CMS guidance governing the reporting of Part D claims data as alleged. Any remaining allegations are denied.

160.    The allegations in Paragraph 160 of the Amended Complaint regarding "Part D claims submitted to CMS" is vague and appears to set forth legal conclusions to which no

response is required.  To the extent a response is required, Defendants deny that PDE data constitutes a "claim" under the FCA.  As to all remaining allegations in Paragraph 160, Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations, and therefore deny the same.

161.    Defendants admit that the referenced 2006 CMS Updated Instructions state that PDE data element field 15, "Product/Service ID," identifies the dispensed drug using a National Drug Code (NDC), which will be reported in NDC11 format.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 161 of the Amended Complaint.

162.    The allegations in Paragraph 162 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 162 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulation referenced therein, or any other applicable law, regulation, and/or CMS guidance.

163.    The allegations in Paragraph 163 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 163 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the 2006 CMS Instructions referenced therein or any other applicable law, regulation, and/or CMS guidance.

164.    The allegations in Paragraph 164 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 164 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the laws, regulations, and/or CMS guidance applicable to the allegations.  Any remaining allegations are denied.

165.    The allegations in Paragraph 165 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 165 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the laws, regulations, and/or CMS guidance applicable to the allegations. Any remaining allegations are denied.

166.    The allegations in Paragraph 166 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 166 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute and regulation referenced therein.

167.    The allegations in Paragraph 167 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 167 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and regulation referenced therein.

168.    The allegations in Paragraph 168 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 168 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute referenced therein.

169.    The allegations in Paragraph 169 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 169 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute and CMS Requirements referenced therein.

170.    The allegations in Paragraph 170 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 170 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein.

171.   The allegations in Paragraph 171 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 171 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulation referenced therein. Any remaining allegations are denied.

172.   The allegations in Paragraph 172 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute referenced therein.

173.   The allegations in Paragraph 173 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 173 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulations referenced therein.

174.   Defendants admit that containers of prescriptions drugs pharmacists receive from manufacturers or labelers typically list the applicable NDC and the expiration date of same.  The remaining allegations of Paragraph 174 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such remaining allegations to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the federal regulations on which such allegations are based.

175.   The allegations in Paragraph 175 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 175 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statute referenced therein.

176.    The allegations in Paragraph 176 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 176 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations referenced therein.

177.    The allegations in Paragraph 177 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the characterization of acting as "network providers" and further deny the allegations in Paragraph 177 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statutes and/or regulations on which the allegations are based or of any other applicable law, regulation, and/or CMS guidance.

178.    The allegations in Paragraph 178 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 178 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the State laws on which the allegations are based.

179.    The allegations in Paragraph 179 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 179 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the State laws on which the allegations are based.

180.    The allegations in Paragraph 180 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 180 to the extent they are inconsistent with, or are Plaintiff's

interpretation of, the text of Section 27.19 of the Pennsylvania Pharmacy Code, or any other applicable law or regulation.

181.   The allegations in Paragraph 181 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 181 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of Section 27.18 of the Pennsylvania Pharmacy Code, or any other applicable law or regulation.

182.   The allegations in Paragraph 182 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 182 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of Section 27.14 of the Pennsylvania Pharmacy Code, or any other applicable law or regulation.

183.   The allegations in Paragraph 183 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 183 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the Puerto Rico law cited therein, or any other applicable law, regulation, and/or CMS guidance.

184.   The allegations in Paragraph 184 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 184 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Illinois law cited therein, or any other applicable law or regulation.

185.    The allegations in Paragraph 185 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 185 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Illinois Pharmacy Practice Act cited therein, or any other applicable law or regulation.

186.    The allegations in Paragraph 186 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 186 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Illinois law cited therein, or any other applicable law or regulation.

187.    The allegations in Paragraph 187 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 187 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Illinois laws cited therein, or any other applicable law or regulation.

188.    The allegations in Paragraph 188 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 188 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Illinois law cited therein, or any other applicable law or regulation.

189.    The allegations in Paragraph 189 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 189 to the extent they are inconsistent with, or are Plaintiff's