interpretation of, the text of the Illinois Food Drug and Cosmetic Act cited therein, or any other applicable law or regulation.

190.    The allegations in Paragraph 190 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 190 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Puerto Rico law cited therein, or any other applicable law or regulation.

191.    The allegations in Paragraph 191 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 191 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Florida law cited therein, or any other applicable law or regulation.

192.    The allegations in Paragraph 192 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 192 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Florida law cited therein, or any other applicable law or regulation.

193.    The allegations in Paragraph 193 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 193 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Florida law cited therein, or any other applicable law or regulation.

194.    Defendants admit that Part D sponsors contract with PBMs for the adjudication of Part D claims.  The remaining allegations in Paragraph 194 of the Amended Complaint set forth legal conclusions to which no response is required.   To the extent a response is required, Defendants deny those remaining allegations to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulation cited therein, or any other applicable law, regulation, and/or CMS guidance.

195.    The allegations in Paragraph 195 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 195 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statutes and/or regulations on which the allegations are based, or of any other applicable law, regulation, and/or CMS guidance.

196.    The allegations in Paragraph 196 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 196 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation cited therein, or any other applicable law or regulation.

197.    The allegations in Paragraph 197 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 197 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation cited therein, or any other applicable law or regulation.

198.    The allegations in Paragraph 198 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations in Paragraph 198 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation cited therein, or any other applicable law or regulation.

199.    The allegations in Paragraph 199 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 199 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statute, regulation, and/or CMS Instructions on which the allegation is based.

200.    The allegations in Paragraph 200 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 200 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulation cited therein, or any other applicable law or regulation.

201.    The allegations of Paragraph 201 of the Amended Complaint are vague and susceptible to multiple interpretations, including through their use of the phrases "CMS uses" and "a 'First Data Bank' file or a similar compendium"; accordingly, no response to these allegations is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 201 of the Amended Complaint.

202.    The allegations regarding drugs with terminated NDCs not being drugs covered under the Medicare Part D program in Paragraph 202 of the Amendment Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations.  The remaining allegations in Paragraph 202 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 202 to the extent they are inconsistent

with or are Plaintiff's interpretation of the text of the statutes and regulations cited therein, or any other applicable law or regulation.

203.    Defendants admit that expired drugs are also sometimes referred to as "terminated drugs" in certain contexts.  Defendants admit that such drugs are ones whose shelf life expiration date has been met, per manufacturer notification.  Defendants further admit that a terminated or inactive NDC is a national drug code which has been replaced or discontinued by the manufacturer or labeler.  Defendants state that a terminated or inactive NDC does not indicate that the corresponding drug has expired.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 203 of the Amended Complaint.

204.    The allegations in Paragraph 204 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 204 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statutes and regulations cited therein, or any other applicable law or regulation.

205.    The allegations in Paragraph 205 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 205 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the Puerto Rico law cited therein, or any other applicable law or regulation.

206.    The allegations in Paragraph 206 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 206 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the 2006 CMS Prescription Drug Benefit Manual cited therein—

which refers to expired drugs, not terminated or inactive NDCs—or any other applicable law, regulation, and/or CMS guidance.  Defendants state that a terminated or inactive NDC does not indicate that the corresponding drug has expired.

207.    Defendants admit that there may be health risks associated with using an expired drugs (as opposed to a drug with an expired NDC) and that an expired drug (as opposed to a drug with an expired NDC) may not be effective for the disease or condition for which it was prescribed.  The allegations in the third sentence of Paragraph 207 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the State pharmacy laws referenced therein, or any other applicable law or regulation. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the last sentence of Paragraph 207 of the Amended Complaint, which allegations Defendants therefore deny.   Except as expressly admitted, Defendants deny the remaining allegations of Paragraph 207 of the Amended Complaint.

208.    The allegations in Paragraph 208 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 208 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the statutes and regulations on which the allegations are based, or any other applicable law,  regulation, and/or CMS guidance.

209.    The allegations in Paragraph 209 of the Amended Complaint set forth legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 209 to the extent they are inconsistent with, or are Plaintiff's

interpretation of, the text of the CMS Prescription Drug Benefit Manual cited therein, or any other applicable law or regulation.

210.   The allegations in Paragraph 210 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 210 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and/or regulations on which the allegations are based, or any other applicable law, regulation and/or CMS guidance.

211.   The allegations in Paragraph 211 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 211 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and/or regulations on which the allegations are based, or any other applicable law, regulation and/or CMS guidance.

212.   The allegations in Paragraph 212 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 212 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and/or regulations on which the allegations are based, or any other applicable law, regulation and/or CMS guidance.

213.   The allegations in Paragraph 213 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 213 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and/or regulations on which the allegations are based, or any other applicable law, regulation and/or CMS guidance.

214.    The allegations in Paragraph 214 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 214 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation cited therein, or any other applicable law or regulation.

215.    The allegations in Paragraph 215 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 215 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation cited therein, or any other applicable law or regulation.

216.    The allegations in Paragraph 216 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 216 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation cited therein, or any other applicable law or regulation.

217.    The allegations in Paragraph 217 of the Amended Complaint purport to characterize portions of the CMS Prescription Drug Benefit Manual, however such Manual is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of such document.

218.    The allegations in Paragraph 218 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 218 to the extent they are inconsistent with, or are Plaintiff's

interpretation of, the text of the laws cited therein, or any other applicable law, regulation or CMS guidance.

219.   Defendants admit that they are familiar generally with gender edits and that the National Council of Prescription Drug Programs, Inc. (NCPDP) Rejection Code 61, "Product/Service Not Covered For Patient Gender," has been used when appropriate since 2002. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 219 of the Amended Complaint regarding other PBMs and pharmacies, and Defendants therefore deny such allegations.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 219 of the Amended Complaint

220.   The allegations in Paragraph 220 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 220 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute cited therein, or any other applicable law or regulation.

221.   The allegations in Paragraph 221 of the Amended Complaint purport to characterize portions of the 2006 CMS Prescription Drug Benefit Manual; however, such Manual is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of such document.  Further, the allegations in Paragraph 221 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 221 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and/or regulations on which the allegations are based, or any other applicable law, regulation or CMS guidance.  Any remaining allegations are denied.

222.     The allegations in Paragraph 222 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 222 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statutes and/or regulations on which the allegations are based, or any other applicable law, regulation or CMS guidance.  Defendants deny that not performing gender edits results in submitting false gender data, and otherwise deny any remaining allegations.

223.     The allegations in Paragraph 223 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 223 to the extent they are inconsistent with, or are Plaintiff's interpretation or characterization of, the text of the regulation cited therein, or any other applicable law or regulation. Any remaining allegations are denied.

224.     The allegations in Paragraph 224 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 224 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute and regulation cited therein, or any other applicable law or regulation.

225.     The allegations in Paragraph 225 of the Amended Complaint purport to characterize portions of the 2006 CMS Prescription Drug Benefit Manual; however such Manual is a document that speaks for itself, and therefore Defendants deny Plaintiff's characterization of such document.

226.     The allegations in Paragraph 226 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants

45

deny that Plaintiff has accurately characterized the 2006 CMS Prescription Drug Manual cited therein, and deny the allegations in Paragraph 226 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the 2006 CMS Prescription Drug Manual cited therein, or any other applicable law, regulation, and/or CMS guidance.   Any remaining allegations are denied.

227.   The allegations in Paragraph 227 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the 2006 CMS Prescription Drug Manual referenced in this section, and otherwise deny the allegations in Paragraph 227.

228.   The allegations in Paragraph 228 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the 2006 CMS Prescription Drug Manual referenced in this section, and therefore deny the allegations in Paragraph 228.   Defendants further deny the allegations in Paragraph 228 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation and statute cited therein, or any other applicable law or regulation.

229.   The allegations in Paragraph 229 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the 2006 CMS Prescription Drug Manual referenced in this section, and otherwise deny the allegations in Paragraph 229 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the 2006 CMS Prescription Drug Manual cited therein, or any other applicable law or regulation.

230.    The allegations in Paragraph 230 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the 2006 CMS Prescription Drug Manual referenced in this section, and otherwise deny the allegations in Paragraph 230 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the 2006 CMS Prescription Drug Manual cited therein, or any other applicable law or regulation.

231.    The allegations in Paragraph 231 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff has accurately characterized the 2006 CMS Prescription Drug Manual referenced in this section, and therefore deny the allegations in Paragraph 231 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the 2006 CMS Prescription Drug Manual cited therein, or any other applicable law or regulation.

232.    The allegations in Paragraph 232 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 232 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation cited therein, or any other applicable law or regulation.

233.    The allegations in Paragraph 233 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 233 to the extent they are inconsistent with, or are Plaintiff's interpretation of the text, of the regulations cited therein, or any other applicable law or regulation.

234.   The allegations in Paragraph 234 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 234 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulations cited therein, or any other applicable law or regulation.

235.   Defendants admit only that Caremark Inc. entered into a contract with Medical Card System, Inc. on or about June 1, 2003, which is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied.  Defendants state that Exhibit B includes a copy of an agreement between MCS Life Insurance Company and SilverScript, Inc., which was entered into on or about January 1, 2006.  Defendants state that Exhibit B further includes a copy of Amendment No. 2 to the contract between Caremark Inc. and Medical Card System, Inc. Exhibit B speaks for itself and Plaintiff's characterization thereof is therefore denied.  Except as expressly admitted, Defendants deny the remaining allegations of this Paragraph.

236.   Defendants admit that, for certain years, MCS Life was approved by CMS as alleged in this Paragraph, but deny the remaining allegations in Paragraph 236 of the Amended Complaint.

237.   Defendants admit only that SilverScript, Inc. entered into a contract titled Managed Pharmacy Benefit Services Agreement, Medicare Part D, with MCS Life Insurance Company, effective January 1, 2006, pursuant to which SilverScript provided certain managed pharmacy benefit services to MCS Life Insurance Company in connection with its participation with the Centers for Medicare and Medicaid Services as a Part D Plan Sponsor.  Defendants further state that the referenced contract is a document that speaks for itself, and therefore deny

Plaintiff's characterization of the document and otherwise deny the remaining allegations of this Paragraph.

238.    Defendants deny that Paragraph 238 accurately quotes from the referenced contract.  Defendants further state that the referenced contract is a document that speaks for itself, and therefore deny Plaintiff's characterization of the document and otherwise deny the remaining allegations of this Paragraph.

239.    Defendants deny that Paragraph 238 accurately quotes from the referenced contract.  Defendants further state that the referenced contract is a document that speaks for itself, and therefore deny Plaintiff's characterization of the document and otherwise deny the remaining allegations of this Paragraph.

240.    Defendants deny that Paragraph 240 accurately quotes from or characterizes the referenced sections of the referenced contract.  Defendants further state that the referenced contract is a document that speaks for itself, and therefore deny Plaintiff's characterization of the document and otherwise deny the remaining allegations of this Paragraph.

241.    Defendants admit only that Section 1.10.b., p. 12 of the referenced contract contains, among several other provisions, the excerpt Plaintiff quotes in this paragraph. Defendants further state that the referenced contract is a document that speaks for itself, and therefore deny Plaintiff's characterization of the document and otherwise deny the remaining allegations of this Paragraph.

242.    Defendants admit only that the referenced contract is a document that speaks for itself, and therefore deny Plaintiff's characterization of the terms of such document and otherwise deny the remaining allegations of this Paragraph.

243.   Defendants admit only that the referenced contract is a document that speaks for itself, and therefore deny Plaintiff's characterization of the terms of such document and otherwise deny the remaining allegations of this Paragraph.

244.   Defendants deny the allegations in Paragraph 244 of the Amended Complaint.

245.   Defendants admit only that the referenced contract contains, among many other provisions, Section 1.8.a., which is titled Concurrent DUR Services, and related to SilverScript's and MCS's respective obligations as to such services to be provided.  Defendants further state that the referenced contract is a document that speaks for itself, and therefore deny Plaintiff's characterization of the document and otherwise deny the remaining allegations of this Paragraph.

246.   Defendants admit only that Paragraph 246 appears to purport to characterize certain provisions contained within Section 1.8.a. of the referenced contract; however, Defendants deny that Plaintiff has accurately characterized any such provisions, and further state that the referenced contract is a document that speaks for itself.  Defendants deny the remaining allegations of this Paragraph.

247.   Defendants deny that Paragraph 247 of the Amended Complaint accurately characterizes SilverScript's (or any of the other Defendants') "System," and therefore deny the allegations in Paragraph 247 of the Amended Complaint.

248.   Defendants deny that Paragraph 248 accurately quotes from the referenced sections of the referenced contract.  Defendants further state that the referenced contract is a document that speaks for itself, and therefore deny Plaintiff's characterization of the document and otherwise deny the remaining allegations of this Paragraph.

249.   Defendants admit the allegations in Paragraph 249 of the Amended Complaint.

250.    Defendants admit only that SilverScript, Inc. entered into a contract with MCS Life Insurance Company on or about January 1, 2006, which is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied.   Defendant further denies that Plaintiff has accurately characterized the timeframe that SilverScript's contract with MCS was in effect, and further denies the remaining allegations of this Paragraph.

251.    Defendants admit only that SilverScript, Inc. entered into a contract with MCS on or about January 1, 2006 (which is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied), and that SilverScript provided services pursuant to and in accordance with such contract.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 251 relating to MCS's actions, and therefore deny the same.  Defendants deny the remaining allegations of this Paragraph.

252.    Defendants admit only that SilverScript, Inc. entered into a contract with MCS Life Insurance Company on or about January 1, 2006, which is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied.

253.    Defendants admit only that SilverScript, Inc. entered into a contract with MCS Life Insurance Company on or about January 1, 2006, that terminated on or about December 31, 2007, which is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied.  Defendants deny the remaining allegations of Paragraph 253 (including but not limited to the allegation that the referenced services were provided by any entity other than SilverScript) insofar as they have not been admitted.

254.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 254 of the Amended Complaint, and therefore deny the same.

255.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 255 of the Amended Complaint as to what Pharm/DUR's audit was "supposed to include," and therefore deny such allegations. Defendants deny the remaining allegations of this Paragraph.

256.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 256 of the Amended Complaint, and therefore deny the same.

257.    Defendants admit that in or around January, 2007, MCS informed SilverScript that MCS had retained Pharm/DUR to conduct an audit. Defendants further admit that in April, 2007 SilverScript provided Pharm/DUR with Part D claims data for the MCS Life Part D participants for the calendar year 2006. Except as expressly admitted, Defendants deny the allegations in Paragraph 257 of the Amended Complaint.

258.    Defendants admit the PDE data elements are collected and initially generated by the dispensing entity to the PBM, which then submits the data in PDE report format to CMS, and that the claims data provided by SilverScript to Pharm/DUR, whether the raw data initially provided to SilverScript, or the PDE report submitted by SilverScript to CMS, is the same for each affected field. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 258 of the Amended Complaint.

259.    Defendants admit only that SilverScript, Inc. entered into a contract with MCS Life Insurance Company on or about January 1, 2006, which is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied. Defendants deny the remaining allegations of Paragraph 259 insofar as they have not been admitted.

260.    Defendants admit the pharmacies in SilverScript's network were throughout the United States and Puerto Rico, and that SilverScript adjudicated claims for Part D prescriptions for MCS beneficiaries that were dispensed from mail order facilities located in Miramar, Florida and Mt. Prospect, Illinois, as well as from various retail pharmacies.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 260 of the Amended Complaint.

261.    Defendants admit only that Pharm/DUR purported to conduct an analysis regarding MCS's Part D paid retail and mail claims data adjudicated during calendar year 2006. However, Defendants deny the accuracy or validity of any analysis conducted by Pharm/DUR. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 261 of the Amended Complaint, and therefore deny the same.

262.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 262 of the Amended Complaint as to what Pharm/DUR claims was its "next step," and therefore deny the same.   Defendants deny the remaining allegations of this Paragraph.

263.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 263 of the Amended Complaint, and therefore deny the same.

264.    Defendants admit only that Pharm/DUR sent certain notices and/or made other communications to certain pharmacies in Caremark's network, but lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 264 as to whether such network pharmacies had been "selected" as claimed, and therefore deny the same. Defendants further admit that a facsimile was sent by Caremark to its network pharmacies

serving MCS members, the contents of which speak for itself, and Plaintiff's characterization of the facsimile is therefore denied.  Except as expressly admitted, Defendants deny the remaining allegations of this Paragraph.

265.    Defendants deny the allegations in Paragraph 265 of the Amended Complaint.

266.    Defendants deny the allegations in Paragraph 266 of the Amended Complaint.

267.    Defendants admit only that Pharm/DUR made various communications regarding the purported results of its audit analysis.  However, Defendants deny the accuracy or validity of any conclusions reached or communications made by Pharm/DUR, and otherwise deny the remaining allegations in Paragraph 267 of the Amended Complaint.

268.    Defendants admit only that Pharm/DUR purported to reach certain conclusions and identify certain Part D claims that it believed were processed improperly.  However, Defendants deny the accuracy or validity of any conclusions reached by Pharm/DUR, and otherwise deny the remaining allegations in Paragraph 268 of the Amended Complaint.

269.    Defendants admit only that Pharm/DUR purported to reach certain conclusions and identify certain Part D claims that it believed were processed improperly.  However, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 269 of the Amended Complaint as to what Pharm/DUR's conclusions "were based upon," and therefore deny the same.  Further, Defendants deny the accuracy or validity of any conclusions reached by Pharm/DUR, and otherwise deny the remaining allegations in Paragraph 269 of the Amended Complaint.

270.    Defendants state that the Medicare Part D Compliance/Fraud, Waste & Abuse manual referenced in Paragraph 270 of the Amended Complaint is a written document that speaks for itself and Plaintiff's characterization thereof is therefore denied.

271.    Defendants deny the allegations in Paragraph 271 of the Amended Complaint.

272.    Defendants deny the allegations in Paragraph 272 of the Amended Complaint.

273.    Defendants deny the allegations in Paragraph 273 of the Amended Complaint.

274.    Defendants admit that during the audit period SilverScript adjudicated certain prescriptions that had physician/prescriber identifiers not associated with a particular physician/prescriber, but deny that such adjudication was improper or violated or was contrary to any Act, applicable rules and regulations, CMS guidance, or the contract between SilverScript, Inc. and MCS Life Insurance Company.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 274 of the Amended Complaint.

275.    Defendants admit that during the audit period SilverScript adjudicated certain prescriptions that had physician/prescriber identifiers not associated with a particular physician/prescriber, but deny that such adjudication was improper or violated or was contrary to any Act, applicable rules and regulations, CMS guidance, or the contract between SilverScript, Inc. and MCS Life Insurance Company.   Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 275 of the Amended Complaint.

276.    Defendants admit that during the audit period, the referenced Miramar, Florida pharmacy filled certain prescriptions for members MCS's Part D Plans, and that certain MCS claims it dispensed contained physician/prescriber identifiers not associated with a particular physician/prescriber.  Defendants deny that SilverScript's adjudication of such prescriptions was improper or violated or was contrary to any Act, applicable rules and regulations, CMS guidance, or the contract between SilverScript, Inc. and MCS Life Insurance Company.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 276 of the Amended Complaint.

277.   Defendants deny the allegations in Paragraph 277 of the Amended Complaint.

278.   Defendants deny the allegations in Paragraph 278 of the Amended Complaint.

279.   Defendants deny that Paragraph 279 is an accurate quotation, and otherwise deny the remaining allegations in Paragraph 279 of the Amended Complaint.

280.   Defendants deny that Paragraph 280 is a complete or accurate quote, and otherwise deny the remaining allegations in Paragraph 280 of the Amended Complaint.

281.   The allegations of Paragraph 281 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 281 of the Amended Complaint to the extent they are inconsistent with, or are Plaintiff's interpretations of, the text of the Act or the regulations referenced therein, or any other applicable law, regulation or CMS guidance.  Any remaining allegations are denied.

282.   The allegations in the first sentence and the reference to "Federal Regulation" in the second sentence of Paragraph 282 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the Act or statutes referenced therein.  Defendants admit that SilverScript, Inc. entered into a contract with MCS Life Insurance Company on or about January 1, 2006, which is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied.  Defendants deny the remaining allegations of Paragraph 282 insofar as they have not been admitted.

283.   Defendants deny the allegations in Paragraph 283 of the Amended Complaint.

284.    Defendants deny that Plaintiff has quoted accurately Caremark's response to a Pharm/DUR audit finding, and otherwise deny the allegations in Paragraph 284 of the Amended Complaint.

285.    Defendants deny the allegations in Paragraph 285 of the Amended Complaint.

286.    Defendants deny the allegations in Paragraph 286 of the Amended Complaint.

287.    Defendants deny the allegations in Paragraph 287 of the Amended Complaint.

288.    Defendants deny the allegations in Paragraph 288 of the Amended Complaint.

289.    Defendants admit only that Pharm/DUR purported to reach certain conclusions and identify certain Part D claims that it believed were processed improperly.   However, Defendants deny the accuracy or validity of any conclusions reached by Pharm/DUR, and otherwise deny the remaining allegations in Paragraph 289 of the Amended Complaint..

290.    Defendants deny that the allegations in Paragraph 290 of the Amended Complaint accurately characterize SilverScript's (or any of the other Defendants') statements, and Defendants therefore deny the allegations in this Paragraph.

291.    Defendants deny the allegations in Paragraph 291 of the Amended Complaint.

292.    The allegations in Paragraph 292 set forth legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 292 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the regulation referenced therein.

293.    Defendants deny the allegations in Paragraph 293 of the Amended Complaint.

294.    Defendants deny the allegations in Paragraph 294 of the Amended Complaint.

295.    Defendants deny that Paragraph 295 of the Amended Complaint contains an accurate quotation from Pharm/DUR's December 2007 audit findings report, deny the accuracy

or validity of any conclusions reached by Pharm/DUR, and otherwise deny the remaining allegations in Paragraph 295 of the Amended Complaint.

296.    Defendants admit only that Exhibit C to the Amended Complaint purports to reference, in part, various adjudicated and paid Part D claims associated with terminated or inactive NDCs.  However, Defendants deny the remaining allegations in Paragraph 296 of the Amended Complaint.

297.    Defendants deny the allegations in Paragraph 297 of the Amended Complaint.

298.    Defendants deny the allegations in Paragraph 298 of the Amended Complaint.

299.    Defendants deny that Paragraph 299 accurately characterizes SilverScript's (or any of the other Defendants') practices.  Defendants further deny the remaining allegations in Paragraph 299 of the Amended Complaint.

300.    The allegations in Paragraph 300 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 300 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute and regulation referenced therein.

301.    Defendants state that the MCS formularies are written documents that speak for themselves and Plaintiff's characterization thereof is therefore denied.

302.    Defendants admit only that Pharm/DUR purported to reach certain conclusions and identify certain Part D claims that it believed were processed improperly without prior authorization.  However, Defendants deny the accuracy or validity of any conclusions reached by Pharm/DUR, and otherwise deny the remaining allegations in Paragraph 302 of the Amended Complaint.

303.    Defendants deny the allegations in Paragraph 303 of the Amended Complaint.

304.    Defendants deny the allegations in Paragraph 304 of the Amended Complaint.

305.    The first sentence of Paragraph 305 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the first sentence of Paragraph 305 of the Amended Complaint.  Defendants deny the remaining allegations of Paragraph 305 of the Amended Complaint.

306.    Defendants admit only that Pharm/DUR purported to reach certain conclusions and identify certain Part D claims that it believed were processed improperly for quantities of drugs or days supply over the approved limit.  However, Defendants deny the accuracy or validity of any conclusions reached by Pharm/DUR, and otherwise deny the remaining allegations in Paragraph 306 of the Amended Complaint.

307.    Defendants deny the allegations in Paragraph 307 of the Amended Complaint.

308.    The allegation that Caremark was required to conduct concurrent DUR for over-utilization is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegation to the extent it is inconsistent with or is Plaintiff's interpretation of the text of the regulation cited or any other applicable law, regulation, and/or CMS guidance, and to the extent it is inconsistent with or is Plaintiff's interpretation of the contract between SilverScript and MCS.  Defendants deny the remaining allegations in Paragraph 308 of the Amended Complaint.  Defendants state that at all relevant times, Defendants properly adjudicated Part D claims, according to applicable rules and regulations, CMS guidance, and the contract between SilverScript and MCS.

309.    Defendants deny that the PDE data submitted in connection with these claims required correction or notification of CMS as SilverScript properly adjudicated Part D claims

according to applicable rules, regulations, CMS guidance, and the contract between SilverScript and MCS.  Defendants deny the allegations in Paragraph 309 of the Amended Complaint.

310.    Defendants deny the allegations in Paragraph 310 of the Amended Complaint.

311.    The allegations of Paragraph 311 of the Amended Complaint are vague and susceptible to multiple interpretations; accordingly, no response to them is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 311 of the Amended Complaint.

312.    The allegations in Paragraph 312 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 312 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute, regulation, rule, and/or CMS guidance on which they are based, or any other applicable law, regulation, and/or CMS guidance.

313.    Defendants deny the allegations in Paragraph 313 of the Amended Complaint.

314.    The allegations in Paragraph 314 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 314 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute, regulation, rule, and/or CMS guidance on which they are based, or any other applicable law, regulation, and/or CMS guidance.

315.    Defendants admit that SilverScript entered into a contract with MCS on or about January 1, 2006.    That contract is a document that speaks for itself and Plaintiff's characterization thereof is therefore denied.    Defendants deny the remaining allegations of Paragraph 315 insofar as they have not been admitted.

316.    Defendants admit only that Pharm/DUR purported to reach certain conclusions and indentify certain claims that it believed were processed improperly through the alleged failure "to apply MAC pricing to all of the MAC drugs."    However, Defendants deny the accuracy or validity of any conclusions reached by Pharm/DUR and otherwise deny the remaining allegations in Paragraph 316 of the Amended Complaint.

317.    Defendants deny the allegations in Paragraph 317 of the Amended Complaint.

318.    Defendants deny the allegations in Paragraph 318 of the Amended Complaint.

319.    Defendants deny the allegations in Paragraph 319 of the Amended Complaint.

320.    Defendants deny the allegations in Paragraph 320 of the Amended Complaint.

321.    Defendants deny the allegations in Paragraph 321 of the Amended Complaint.

322.    Defendants deny the allegations in Paragraph 322 of the Amended Complaint.

323.    Defendants deny the allegations in Paragraph 323 of the Amended Complaint.

324.    Defendants deny the allegations in Paragraph 324 of the Amended Complaint.

325.    Defendants deny the allegations in Paragraph 325 of the Amended Complaint.

326.    Defendants deny the allegations in Paragraph 326 of the Amended Complaint.

327.    Defendants deny the allegations in Paragraph 327 of the Amended Complaint.

328.    The reference to "value" in Paragraph 328 of the Amended Complaint render the allegations in that paragraph vague and subject to multiple interpretations, and, accordingly, no response is required.    To the extent a response is required, Defendants deny the allegations in Paragraph 328 of the Amended Complaint.

329.    Defendants deny the allegations in Paragraph 329 of the Amended Complaint.

330.    Defendants deny the allegations in Paragraph 330 of the Amended Complaint.

331.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 331 of the Amended Complaint as to what Pharm/DUR's audit report "was based on" or what its analysis "included," and therefore deny the same.   Defendants deny the remaining allegations in Paragraph 331 of the Amended Complaint.

332.    The allegations contained in Paragraph 332 purport to characterize the fields of the Prescription Drug Event ("PDE") report, the contents of which speak for itself.   Defendants deny the allegations in Paragraph 332 to the extent they are inconsistent with, or are Plaintiff's interpretation of, the fields of the PDE report.

333.    Defendants admit only that Part D PDE data was properly submitted by SilverScript to CMS on behalf of MCS.   Except as expressly admitted, Defendants deny the allegations in Paragraph 333 of the Amended Complaint.

334.    Defendants deny the allegations in Paragraph 334 of the Amended Complaint.

335.    Defendants deny the allegations in Paragraph 335 of the Amended Complaint.

336.    Defendants deny the allegations in Paragraph 336 of the Amended Complaint.

337.    Defendants deny the allegations in Paragraph 337 of the Amended Complaint.

338.    Defendants deny the allegations in Paragraph 338 of the Amended Complaint.

339.    Defendants deny the allegations in Paragraph 339 of the Amended Complaint.

340.    Defendants deny the allegations in Paragraph 340 of the Amended Complaint.

341.    Defendants deny the allegations in Paragraph 341 of the Amended Complaint.

342.    Defendants deny the allegations in Paragraph 342 of the Amended Complaint.

343.    Defendants deny the allegations in Paragraph 343 of the Amended Complaint.

344.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 344 of the Amended Complaint, and therefore deny the same.

345.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 345 of the Amended Complaint, and therefore deny the same.

346.    Defendants deny the allegations in Paragraph 346 of the Amended Complaint.

347.    Defendants deny the allegations in Paragraph 347 of the Amended Complaint.

348.    Defendants deny the allegations in Paragraph 348 of the Amended Complaint.

349.    Defendants admit only that Caremark's largest customer during the year ending December 2007 was the Federal Employee Health Benefits Program.  The remaining allegations in Paragraph 349 of the Amended Complaint set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 349 to the extent they are inconsistent with or are Plaintiff's interpretation of the text of the regulations referenced therein.

350.    Defendants deny the allegations in Paragraph 350 of the Amended Complaint.

351.    Defendants deny the allegations in Paragraph 351 of the Amended Complaint.

## COUNT I

### Violations of the Federal False Claims Act
### 31 U.S.C. § 3729(a)(1)(A), (2) and (3) and (7)

352.    Defendants reallege and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 351 of the Amended Complaint in response to this Paragraph 352.

353.    Defendants admit that Plaintiff purports to assert a claim for damages and penalties as described in Paragraph 353, but Defendants deny that Plaintiff has any such claim or is entitled to any such relief, and otherwise denies the remaining allegations of Paragraph 353.

354.    Defendants deny the allegations in Paragraph 354 of the Amended Complaint.

355.    Defendants deny the allegations in Paragraph 355 of the Amended Complaint.

356.    Defendants deny the allegations in Paragraph 356 of the Amended Complaint.

357.    No answer to this paragraph is required because the Court's Order dated December 20, 2012 rejected Plaintiff's theory that Defendants fraudulently induced CMS to contract with them as a Part D Plan and/or as a Part D PBM.   (12/20/12 Order at 84 n.35 ("Accordingly, the Court will not permit Plaintiff to proceed on any fraudulent inducement claim.").)  To the extent a response is required, Defendants deny the allegations in Paragraph 357 of the Amended Complaint.

358.    Defendants deny the allegations in Paragraph 358 of the Amended Complaint.

359.    Defendants deny the allegations in Paragraph 359 of the Amended Complaint.

360.    Defendants deny the allegations in Paragraph 360 of the Amended Complaint.

361.    Defendants deny the allegations in Paragraph 361 of the Amended Complaint.

362.    Defendants deny the allegations in Paragraph 362 of the Amended Complaint.

363.    Defendants deny the allegations in Paragraph 363 of the Amended Complaint.

364.    Defendants deny the allegations in Paragraph 364 of the Amended Complaint.

365.    Defendants deny the allegations in Paragraph 365 of the Amended Complaint.

366.    Defendants deny the allegations in Paragraph 366 of the Amended Complaint.

367.    Defendants deny the allegations in Paragraph 367 of the Amended Complaint.

368.    Defendants deny the allegations in Paragraph 368 of the Amended Complaint.

369.     Defendants deny the allegations in Paragraph 369 of the Amended Complaint.

370.     Defendants deny that there were any false claims or false certification and/or representations as alleged, and therefore deny the allegations in Paragraph 370 of the Amended Complaint.

371.     Defendants admit that during the Medicare Part D annual reconciliation, overpayments by CMS to Part D Plans or Sponsors must be returned.  Except as expressly admitted, Defendants deny the allegations in Paragraph 371 of the Amended Complaint.

372.     Defendants deny that they improperly adjudicated any Medicare Part D claims as alleged, and therefore deny the allegations in Paragraph 372 of the Amended Complaint.

373.     Defendants deny that they submitted any false PDE data to CMS as alleged, and therefore deny the allegations in Paragraph 373 of the Amended Complaint.

374.     Defendants deny the allegations in Paragraph 374 of the Amended Complaint.

375.     Defendants deny the allegations in Paragraph 375 of the Amended Complaint.

376.     The allegations in Paragraph 376 regarding the requirements of the statute referenced set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny such allegations to the extent they are inconsistent with, or are Plaintiff's interpretation of, the text of the statute referenced therein.  Defendants deny the remaining allegations of Paragraph 376.

377.     Defendants deny the allegations in Paragraph 377 of the Amended Complaint.

378.     Defendants deny the allegations in Paragraph 378 of the Amended Complaint.

379.     Defendants deny the allegations in Paragraph 379 of the Amended Complaint.

380.     Defendants deny the allegations in Paragraph 380 of the Amended Complaint.

381.     Defendants deny the allegations in Paragraph 381 of the Amended Complaint.

382.    Defendants deny the allegations in Paragraph 382 of the Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever. Defendants further request that this Court enter judgment in their favor and against Plaintiff as follows:

A.    That Plaintiff takes nothing by reason of his Amended Complaint and that judgment be rendered in favor of the Defendants;

B.    That Defendants be awarded their costs of suit incurred, pursuant to 31 U.S.C. § 3730(d)(4), including reasonable attorneys' fees; and,

C.    For such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Amended Complaint, Defendants assert and allege the following Affirmative Defenses.  By alleged the defenses below, Defendants do not in any way agree or concede that Plaintiff has properly stated any cause of action in the Amended Complaint or that Defendants have the burden of proof or persuasion with respect to any of their defenses.

### First Affirmative Defense

The Amended Complaint and its purported causes of action fail to state facts sufficient to adequately plead a cause of action against Defendants.

### Second Affirmative Defense

The Amended Complaint and its purported causes of action fail to meet the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b).

### Third Affirmative Defense

Plaintiff's action is barred by 31 U.S.C. § 3730(e)(4) because it is based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit, or investigation, or from the news media; and Plaintiff is not an "original source" as that term is defined by § 3730(e)(4)(B).

### Fourth Affirmative Defense

The claims asserted in the Amended Complaint are barred, in whole or in part, because Defendants acted at all relevant times in good faith and not with any improper or illegal purpose, intent or knowledge.   Each and every act or omission that Defendants are alleged to have undertaken or failed to have undertaken in the Amended Complaint was done or omitted in good faith and not with any improper or illegal purpose, intent or knowledge, and in conformity with all applicable federal and state statutes, and all applicable rules and CMS guidance promulgated thereunder.

### Fifth Affirmative Defense

Plaintiff's claims are barred because Defendants did not act "knowingly" as that term is defined in 31 U.S.C. § 3729(b)(1).

### Sixth Affirmative Defense

Plaintiff's claims are barred because the claims allegedly presented or caused to be pretended by Defendants were not false.

### Seventh Affirmative Defense

Plaintiff's claims are barred because the records or statements allegedly made, used, or caused to be made or used by Defendants were not false.

### Eighth Affirmative Defense

Plaintiff's claims are barred because there was no false claim.

### Ninth Affirmative Defense

Plaintiff's claims are barred because Defendants made no express or implied false certification.

### Tenth Affirmative Defense

Plaintiff's claims are barred because the alleged false certifications were not a condition of payment.

### Eleventh Affirmative Defense

Plaintiff's claims are barred because the allegedly false implied certifications concern a statute or regulation that does not expressly require compliance as a condition of payment.

### Twelfth Affirmative Defense

Plaintiff purposely and unreasonably delayed in making known to Defendants the allegations contained in the Amended Complaint and attempting to assert those claims. This unreasonable delay has prejudiced Defendants in that evidence bearing on Plaintiff's claims may have been lost. Plaintiff's causes of action are therefore barred in whole or in part by the doctrine of laches, estoppel, waiver, ratification, and/or unclean hands.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because the United States' knowledge of the alleged conduct in the Amended Complaint and/or acquiescence of such conduct defeats the elements of falsity, scienter, materiality, and causation and precludes all damages in this action.

### Fourteenth Affirmative Defense

The United States directed, ordered, approved, acquiesced or ratified Defendants' conduct, and the United States is, therefore, barred from asserting any claims based thereon.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred because Defendants' conduct was not material to any alleged payment or receipt of money or property in connection with any alleged false or fraudulent claim.

### Sixteenth Affirmative Defense

Plaintiff is not entitled to the damages or remedies he seeks.

### Seventeenth Affirmative Defense

Plaintiff's claims for damages are barred because the United States has not suffered, and it will not suffer, any damages or injury to a legally protected or cognizable interest by reason of the conduct of Defendants.

### Eighteenth Affirmative Defense

The United States did not rely on the alleged statements, actions, or inaction of Defendants complained of in the Amended Complaint, and Defendants' statements, actions, or inaction otherwise were not the proximate cause or cause in fact of any injury to or alleged loss by the United States.

### Nineteenth Affirmative Defense

The damages alleged by Relator, if any, are the result of acts or omissions committed by third parties over whom Defendants had neither control nor responsibility, and whose actions or inactions cannot be imputed to Defendants.

### Twentieth Affirmative Defense

Should Defendants be held liable for damages, which liability is specifically denied, to the extent Plaintiff seeks damages and/or penalties unrelated to or vastly greater than its actual damages, such damages or civil penalties would be unconstitutional because they would be in

violation of the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

### Twenty-first Affirmative Defense

Plaintiff's claims for damages are barred because such damages are speculative.

### Twenty-second Affirmative Defense

Plaintiff's claims are barred because Defendants have complied with all applicable laws and regulations of the federal and state governments and all applicable CMS guidance.

### Twenty-third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the learned intermediary doctrine.

### Twenty-fourth Affirmative Defense

The granting of some or all of the relief prayed for in the Plaintiff's Amended Complaint would violate the First Amendment of the United States Constitution because granting such relief would punish Defendants' truthful speech.

### Twenty-fifth Affirmative Defense

The claims for damages are barred due to the United States' failure to take steps to mitigate any damages suffered.

### Twenty-sixth Affirmative Defense

Relator's claims are barred ,in whole or in part, because Relator and the United States would be unjustly enriched if allowed to recover any portion of the damages alleged in the Amended Complaint.

### Twenty-seventh Affirmative Defense

Relator's claims are barred, in whole or in part, because Relator's claims are vexatious, frivolous, and intended only to annoy, embarrass, and harass Defendants.

### Twenty-eighth Affirmative Defense

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.

### Twenty-ninth Affirmative Defense

Relator's claims are barred in whole or in part due to a lack of standing.

### Thirtieth Affirmative Defense

Defendants preserve and assert all affirmative defenses available under any applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available. Therefore, Defendants reserve their right to supplement this Answer and to assert additional defenses in the event that discovery or other means indicate they would be appropriate.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever. Defendants further request that this Court enter judgment in their favor and against Plaintiff as follows:

A.      That Plaintiff takes nothing by reason of his Amended Complaint and that judgment be rendered in favor of the Defendants;

B.      That Defendants be awarded their costs of suit incurred, pursuant to 31 U.S.C. § 3730(d)(4), including reasonable attorneys' fees; and,

C.      For such other relief as this Court deems just and proper.

Dated:  February 1, 2013

*/s/Robert H. Griffith* _____
Robert H. Griffith (admitted pro hac vice)
rgriffith@foley.com
FOLEY & LARDNER LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60654
Phone: 312-832-5174
Fax: 312-832-4700

Michael P. Matthews (admitted pro hac vice)
mmatthews@foley.com
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602-5810
Phone:  813-225-4131
Fax:  813-221-4210

Robin Sumner (ID No. 82236)
sumnerr@pepperlaw.com
Peter Smith (ID No. 93630)
smithpm@pepperlaw.com
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
Tele.: 215-981-4000
Fax: 215-981-4750

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2013, I electronically filed the foregoing Defendants' Answer to Relator's First Amended Qui Tam Complaint using the CM/ECF system which will send notice of electronic filing to all parties as listed on the Notice of Electronic Filing.  The foregoing is available for download and viewing on the ECF system.

/s/ *Robert H. Griffith*
Robert H. Griffith