## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ANTHONY R. SPAY, | : <br> : <br> :    CIVIL ACTION <br> Plaintiff,    : <br> : <br> v.    : <br> :    NO. 09-4672 <br> : <br> CVS CAREMARK CORPORATION;    : <br> CAREMARK Rx, LLC (f/k/a CAREMARK    : <br> Rx, Inc.); CAREMARK, LLC (f/k/a    : <br> CAREMARK, INC.); SILVERSCRIPT, LLC    : <br> (f/k/a SILVERSCRIPT INC.),    : <br> : <br> Defendants.    : |

### ORDER

**AND NOW**, this *27th* day of *August*, 2013, upon consideration of Relator Anthony R. Spay's Motion to Compel (Docket No. 108), the Response of Defendants CVS Caremark corporation, Caremark Rx, LLC (f/k/a Caremark Rx, Inc.), Caremark, LLC (f/k/a Caremark, Inc., and Silverscript, LLC (f/k/a Silverscript, Inc.) (collectively "Defendants") (Docket No. 110), Plaintiff's Reply Brief (Docket No. 118), and Defendants' Sur-reply Brief (Docket No. 119), it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The temporal scope of all discovery shall be from January 1, 2006 to December 31, 2007.

2. The substantive scope of nationwide discovery on the False Claims Act claim shall be limited to the three nationwide practices set forth in the Amended Complaint: (1) missing/push prescriber numbers; (2) expired/obsolete NDCs; and (3) gender contraindications. This limitation shall not affect discovery on the six alleged fraudulent practices committed with respect to the MCS contract.

3. The geographic scope of nationwide discovery on the False Claims Act claim shall initially be limited to Puerto Rico, New York, Ohio, Pennsylvania, Illinois, and Florida. Should discovery reveal that Defendants' alleged fraudulent practices were carried out with respect

to PBM contracts in these states, Plaintiff may file a motion to expand the scope of this discovery to the entire United States. This limitation shall not affect discovery on the six alleged fraudulent practices committed with respect to the MCS contract.

4. Defendants shall produce all documents between Defendants and Downstream Entities as set forth in Request Nos. 12, 13, 15, and 16, subject to the geographic and temporal limitations set forth above.

5. Plaintiff's Motion to Compel documents related to any bids, proposals, quarterly-yearly reports, applications or plan specifications submitted by Defendants to the government (Request Nos. 14 and 32) is denied.

6. Plaintiff's Motion to Compel documents and communications regarding edits to Caremark's nationwide Part D claims adjudication system (Request No. 18) is granted.

7. Plaintiff's Motion to Compel documents with respect to Defendants' compliance program, policies, and procedures regarding the Part D Program (Request Nos. 30, 31, and 38) is granted.

8. Plaintiff's Motion to Compel documents and communications regarding audits relating to Defendants' activities in the Part D Program, including those performed by Defendants' other Part D Plan Sponsor Clients and the United States Government (Request Nos. 22, 23, 24, 33, 41, 53, and 59) is granted subject to the temporal and geographic limits set forth above.

9. Plaintiff's Motion to Compel documents regarding Defendants' efforts to comply with State Pharmacy Codes and Regulations regarding: (1) expired, terminated, or obsolete drugs; (2) gender specific contraindications for prescription drugs; (3) obtaining prescriber identification for prescription drugs; and (4) prior authorizations for prescription drugs (Request Nos. 55, 56, 57, and 58) is granted subject to the temporal and geographic limits set forth above.

10. Plaintiff's Motion to overrule Defendants's confidentiality objections is denied without prejudice.

11. Plaintiff's Motion to overrule Defendants' objections to basic industry terms is denied without prejudice.

12. Plaintiff's request for attorneys' fees is denied.

It is so **ORDERED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.