# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel.<br>ANTHONY R. SPAY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.  09-4672 |
| | : | |
| CVS CAREMARK CORPORATION;<br>CAREMARK Rx, LLC (f/k/a CAREMARK<br>Rx, Inc.); CAREMARK, LLC (f/k/a<br>CAREMARK, INC.); SILVERSCRIPT, LLC<br>(f/k/a SILVERSCRIPT INC.), | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this *29th* day of *July*, 2014, upon consideration of the Motion by Defendants

CVS Caremark Corporation, Caremark Rx, LLC, Caremark, LLC, and SilverScript, LLC

(collectively "CVS Caremark" or "Defendants") for Clarification, or in the Alternative, Partial

Reconsideration (Docket No. 157), Plaintiff/Relator Anthony R. Spay's Response (Docket 158),

and Defendants' Reply Brief (Docket No. 160)[1] it is hereby **ORDERED** that the Court's July 9,

2014 Order (Docket No. 154) is **CLARIFIED** as follows:

     1.     All CMS-related fact discovery[2] in this case shall be completed by October 31,
           2014.[3]

---

   [1] Defendants sent a letter date July 28, 2014 letter requesting permission to file a reply brief
in support of their Motion.  The Court grants such permission and has considered this brief.

   [2] "CMS-related fact discovery" means any written discovery or depositions from the Center
for Medicare & Medicaid Services ("CMS") or its employees.

   [3] The July 9, 2014 Order was originally issued in the context of Defendants' Expedited
Motion to Enforce the Close of Fact Discovery.  The basis for that Motion arose when CMS, in
response to subpoenas from Defendants, had indicated that it could not complete its written

2.      The deadline for all other fact discovery closed on July 18, 2014, as established by the Court's April 21, 2014 Order.

3.      The other deadlines for expert discovery and dispositive motions set forth in the July 9, 2014 Order shall remain unchanged.


It is so **ORDERED**.

BY THE COURT:



 *s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.

---

discovery until September 2014, but would appear for depositions—one time only— before the close of fact discovery on July 18, 2014.  Plaintiff strenuously objected on the grounds that he wanted to depose CMS witnesses after receiving and reviewing all of CMS's written discovery.  In an effort both to accommodate CMS's desire to limit the number of times its employees were deposed and to ensure that the depositions were comprehensive in scope, the Court issued the July 9, 2014 Order extending discovery until October 31, 2014, and moving the subsequent deadlines for expert discovery and dispositive motions accordingly.  In doing so, the Court was guided only by the CMS-related concerns set forth by the parties in their briefing and did not intend to reopen fact discovery for any and all purposes.

Defendants now reasonably seek clarification of that Order in light of Plaintiff's sudden contention that *all* fact discovery has been extended until October 31, 2014.  In response to Defendant's Motion, Plaintiff raises, for the first time, a host of non-CMS related fact discovery that he desires to complete.  He also suggests, for the first time, that Defendants have been delinquent in their discovery obligations and that Defendants' current motion is "the latest in a series of tactical attempts by Defendants to cut short discovery in order to prevent the development of a complete and accurate record."  (Pl.'s Resp. Opp'n Mot. for Clarification 1.)

Plaintiff's position is incorrect.  In the briefing for the Expedited Motion to Enforce the Close of Discovery, neither party ever proposed the extension of fact discovery deadlines.  More importantly, Plaintiff never suggested he needed extra time to complete fact discovery or that Defendants had not produced any materials.  Indeed, Plaintiff did not even indicate that extra time was necessary to resolve CMS-related discovery.  Plaintiff may not now capitalize on a Court ruling— made in consideration of a narrow and discrete issue identified by Defendants— to raise new alleged discovery issues unrelated to CMS.

To the extent Plaintiff has requested an extension of discovery deadlines in connection with his pending Motion for Nationwide Discovery, that Motion is not presently at issue.  The Court will address that Motion in due course and will fully decide, at that time, whether the arguments set forth by Plaintiff in the context of that brief warrant a reopening of fact discovery for a specific purpose.  As of the date of this Order, however, fact discovery is closed except for the limited purpose of completing written discovery and depositions from CMS and its employees.