IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. ANTHONY R. SPAY, | : : : : : : : : : : : : : : : | |
| Plaintiff, | | CIVIL ACTION |
| v. | | NO. 09-4672 |
| CVS CAREMARK CORPORATION; CAREMARK Rx, LLC (f/k/a CAREMARK Rx, Inc.); CAREMARK, LLC (f/k/a CAREMARK, INC.); SILVERSCRIPT, LLC (f/k/a SILVERSCRIPT INC.), | | |
| Defendants. | | |

## ORDER

**AND NOW**, this *19th* day of *August*, 2014, upon consideration of Plaintiff/Relator Anthony R. Spay's Motion to Proceed With Nationwide Discovery (Docket No. 137), Plaintiff/Relator's Motion for Leave to File a Second Amended Complaint (Docket No. 138), the Consolidated Opposition of Defendants CVS Caremark Corporation, Caremark Rx, LLC, Caremark, LLC, and Silverscript, LLC (collectively "Defendants") (Docket No. 143), Plaintiff/Relator's Consolidated Reply (Docket No. 144), and Defendants' Consolidated Sur-Reply (Docket No. 145), it is hereby **ORDERED** as follows:

1. Plaintiff/Relator's Motion to Proceed With Nationwide Discovery is **GRANTED IN PART**. Plaintiff is granted leave to obtain nationwide discovery on the three alleged nationwide fraudulent practices: (1) fictitious prescriber identifiers; (2) expired/obsolete NDCs; and (3) gender contraindications.[1]

---

[1] In the August 27, 2013 Memorandum and Order, the Court limited discovery on the three alleged nationwide fraudulent practices to six states in order to allow Plaintiff/Relator to "test the waters of his nationwide claim." (Memorandum & Order of March 19, 2013, ECF No. 121.) The Court, however, remarked that "[s]hould discovery reveal that Defendants' alleged fraudulent practices were carried out with respect to PBM contracts in these states, Plaintiff may file a motion

2.  Plaintiff shall have until October 31, 2014 to obtain the requested nationwide discovery. All remaining discovery deadlines set forth in the Court's July 9, 2014 Order shall remain in place.[2]

3.  Per Plaintiff's own representations, this nationwide discovery will be limited to the production of the claims databases for Medicare Part D Plans based in states other than the six jurisdictions included in the initial nationwide discovery phase in order to determine the full impact of Defendants' alleged fraud and/or resulting damage to the United States. No depositions on this subject shall be permitted.[3]

---

to expand the scope of this discovery to the entire United States." (Id.) Given this Order, the Court anticipated, and Defendants should likewise have anticipated, that such a motion would be forthcoming following some period of discovery. According to Plaintiff's Motion and accompanying exhibits, Plaintiff was able to initially identify the nationwide scope of Defendants' alleged fraudulent practices via Lisa Colasacco's deposition on February 12, 2014, and confirm that information via Joseph Mulenex's deposition on May 1, 2014. As Plaintiff/Relator filed the present Motion on May 19, 2014, the Court does not find that Plaintiff/Relator's delay was unwarranted, particularly given the Court's requirement that Plaintiff/Relator come forward with some evidence showing that the alleged fraudulent practices were uniformly carried out on a nationwide basis.

   Defendants' multiple responsive arguments do not convince this Court otherwise. Defendants do not, and could not assert, that Plaintiff/Relator had any set deadline for seeking nationwide discovery. Indeed, Plaintiff/Relator properly moved for nationwide discovery within the fact discovery period. Moreover, while Defendants repeatedly argue that Plaintiff/Relator could have come forward sooner—preferably immediately after Ms. Colasacco's deposition in February—the Court does not take issue with Plaintiff's wish to confirm that information via a second deposition, which did not occur until May. In addition, while Defendants specifically dispute the expansion of discovery on two of the nationwide practices (NDC numbers and gender contraindications), the Court finds that Plaintiff/Relator has met his burden to show that Defendants' practices in these areas were uniform nationwide. Finally, to the extent that Defendants dispute the vigor, or lack thereof, with which Plaintiff/Relator has conducted discovery, the Court finds that the parties' ping-pong game of allegations regarding various discovery delays contributes little guidance to whether nationwide discovery is warranted.

   [2] Plaintiff/Relator requested an additional six months to complete discovery without any explanation as to why such a lengthy extension is necessary. The Court notes that, on July 9, 2014, the Court amended the scheduling order so that fact discovery would close on October 31, 2014, all remaining discovery would close on March 13, 2015, and dispositive motions would be filed by March 20, 2015. As further explained in the July 29, 2014 Order, however, the extended fact discovery period was limited to only "CMS-related fact discovery," including depositions and written discovery from the Center for Medicare and Medicaid Services. In lieu of further delaying this case, the Court finds that the most prudent course is to allow Plaintiff/Relator to complete his nationwide discovery during this same time period, thereby leaving all other deadlines in place and keeping the case on its already extended track.

   [3] Given Plaintiff/Relator's history of interpreting limited deadline extensions as free rein to pursue all manner of additional discovery, the Court deems it prudent to expressly delineate the

4. Plaintiff's Motion for Leave to File a Second Amended Complaint is **DENIED**.[4]

It is so **ORDERED**.

BY THE COURT:


 s/ Ronald L. Buckwalter
RONALD L. BUCKWALTER, S.J.

---

bounds of the nationwide discovery permitted.  Pursuant to Plaintiff/Relator's own representations in his brief that he will not need to repeat the entire discovery process on a nationwide scale and that he anticipates focusing on "production of the claims databases for Medicare Part D Plans based in states other than the six jurisdictions included in the initial nationwide discovery phase," the Court so limits the permitted nationwide discovery.

[4] Plaintiff/Relator's Motion for Leave to File a Second Amended Complaint—alleging that Defendants used false physician numbers past December 2007, all the way through January 1, 2012—presents an entirely separate problem.  It is well established that while leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), "[t]he policy favoring liberal amendment of pleadings is not . . . unbounded." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990).  A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

The present case has been pending for over three years, with discovery proceeding since March 2013 (almost eighteen months).  Unlike the request for nationwide discovery, neither the Court nor Defendants had any basis on which to anticipate an amendment of the Complaint, particularly given the already detailed allegations in the existing Amended Complaint.  Nonetheless, Plaintiff/Relator asserts that he discovered—via the deposition of Lisa Colasacco on February 12, 2014—that Defendants' practice of using false physician numbers extended past the Complaint's original time frame through to January 1, 2012.  (Pl.'s Mem. Supp. Mot. Leave to Amend 13.)  Notably, he cites no other evidence or depositions as supporting this new discovery.  Thus, despite having sufficient information to request amendment as of mid-to-late February 2014, Plaintiff/Relator waited three more months before seeking leave to amend, an undue delay at this late juncture of the case.  Grant of such leave would require that the pleadings be reopened, that Defendants file another Answer, and that fact discovery be reopened on this issue.  Unlike allowing nationwide discovery to proceed on claims already pled in the Complaint, granting leave to amend would significantly disrupt and delay this already lengthy litigation at great prejudice to Defendants.  Accordingly, Plaintiff's request for leave to amend is denied.