IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ANTHONY R. SPAY, : : : : Plaintiff, : : v. : : : CVS CAREMARK CORPORATION; : CAREMARK Rx, LLC (f/k/a CAREMARK : Rx, Inc.); CAREMARK, LLC (f/k/a : CAREMARK, INC.); SILVERSCRIPT, LLC : (f/k/a SILVERSCRIPT INC.), : : Defendants. : | CIVIL ACTION<br><br>NO. 09-4672 |

## ORDER

**AND NOW**, this *4th* day of *September*, 2014, it is hereby **ORDERED** that the Court's Order of August 25, 2014 (Docket No. 163) is **CLARIFIED** as follows, with changes identified by italicized text:

1. Relator's Motion to Unseal is **GRANTED** and the Clerk of Court shall **UNSEAL** Relator's Motion to Proceed with Nationwide Discovery (Docket No. 137) and Relator's Motion for Leave to File a Second Amended Complaint (Docket No. 138).[1]

2. Notwithstanding the foregoing, Relator's Objections to Defendants' Confidentiality Designations are **DENIED** and the following exhibits *and any substantive discussion (including paraphrasing, quoting, or otherwise revealing the content) of those exhibits in the Motions* shall remain **REDACTED** in the docketed version of the unsealed motions:[2]

---

[1] Defendants have no objection to this relief.

[2] Defendants have agreed to withdraw their confidentiality designation as to Exhibit 7.

      a.      Exhibit 4

      b.      Exhibit 5

      c.      Exhibit 6 at 157:11–25, 186:20–187:15, 189:21–190:8, and 262:13–263:3

      d.      Exhibit 8

      e.      Exhibit 10

      f.      Exhibit 11

      g.      Exhibit 13.[3]

It is so **ORDERED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.

---

[3] Although Defendants designated all of these exhibits as "Confidential" between October and December 2013, Relator never objected to such designations until May 2014, when it filed the Motion to Proceed With Nationwide Discovery and the Motion for Leave to File a Second Amended Complaint. While the Second Stipulated Protective Order does not clearly delineate time limits in which objections to confidentiality designations must be filed, the Protective Order seems to suggest that such objections should be made fairly contemporaneously with the designations and not when the designated documents are to be used.

    In any event, the Court finds that Defendants have sustained their burden of showing that the designated exhibits are entitled to confidential protection. Defendants' Response Brief and accompanying Declarations adequately establish that the foregoing exhibits are "previously undisclosed information . . . disclosure of which might cause financial or competitive harm," as defined in the Protective Order. Relator's Objections do nothing to refute such a showing. To the extent that Relator claims that Defendants are simply trying to "shield from public view the details of their fraudulent business practices," (Relator's Objections 1), this argument is misplaced. As there has not yet been any determination regarding whether Defendants have engaged in fraud, this reasoning does not provide a basis for the Court to supersede the Protective Order agreed to by the parties.