IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ANTHONY R. SPAY, <br><br> Plaintiff, <br><br> v. <br><br> CVS CAREMARK CORPORATION; CAREMARK Rx, LLC (f/k/a CAREMARK Rx, Inc.); CAREMARK, LLC (f/k/a CAREMARK, INC.); SILVERSCRIPT, LLC (f/k/a SILVERSCRIPT INC.), <br><br> Defendants. | CIVIL ACTION <br><br> NO. 09-4672 |

## ORDER

**AND NOW**, this 27th day of *October*, 2014, upon consideration of the Emergency Motion by Defendants CVS Caremark Corporation, Caremark Rx, LLC, Caremark, LLC, and Silverscript, LLC (collectively "Defendants") (Docket No. 170), the United States' Response (Docket No. 172), and Plaintiff Anthony R. Spay's Response (Docket No. 171), as well as the parties' various letter submissions, it is hereby **ORDERED** that the Motion is **GRANTED**.[1] It is **FURTHER ORDERED** that Jeff Grant shall appear for a deposition, on or

---

[1] The Court finds no delay on the part of Defendants. In fact, Defendants timely and properly requested Mr. Grant's deposition in March 2014. The Government denied that request, but left open the possibility of reconsideration in the case of a compelling argument, which Defendants assert they did not have until the Government depositions started in mid-October 2014.

Moreover, although the Government argues that Mr. Grant's deposition will be duplicative, that contention does not afford the Court a sufficient basis on which to preclude Defendants from proceeding. Mr. Grant has repeatedly been identified as a person with knowledge of a crucial matter in this case. To the extent he can add any additional information, Defendants may depose him.

before October 31, 2014, to which the following rules apply: (1) the deposition shall not exceed four hours; (2) the deposition shall occur at the law offices of Williams and Connelly, LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005; and (3) the sole topic permitted to be raised at the deposition is default or dummy prescriber identifiers in Medicare Part D claims in the years 2006 and 2007.[2]

It is so **ORDERED**.

BY THE COURT:

RONALD L. BUCKWALTER, S.J.

---

Finally, the claims of hardship do nothing to alter this decision. While the Court certainly understands the burdens associated with the high-level policy work with which Mr. Grant is involved, some conflicts are unavoidable. The Court does not find that the ongoing roll-out of the Affordable Health Care Act will be so substantially impacted by Mr. Grant's appearance at a deposition for four hours at a location close to his home as to deny Defendants access to information pertinent to the claims against them.

[2] Although the parties also dispute the propriety of the subpoenaed deposition of Robert Vito, the motion to compel his deposition is properly before the United States Court for the District of Columbia, which issued the subpoena.